# City Delivery Co. *v.* Henry.

*Action to recover Damages for Personal Injuries.*

| 139 | 161 |
| 141 | 249 |
| f141 | 373 |
| 142 | 245 |
| 139 | 161 |
| 144 | 174 |
| e144 | 237 |
| 144 | 324 |

1. *Action for personal injuries; sufficiency of averment in complaint of character and extent of plaintiff's injuries.*—While in an action to recover damages for personal injuries it is unnecessary that the complaint should describe in detail and with great particularity the characteristics and consequences of the injuries alleged to have been sustained, the actual known facts as to the injuries and their results should be alleged with such reasonable accuracy as the circumstances of the case will permit, in order that the adverse party may be informed of their nature and extent and thus be advised as to the character of the proof which may be introduced.

2. *Same; same; case at bar.*—In an action to recover damages for personal injuries, where the character and extent of the plaintiff's injuries complained of are not described or alleged in the complaint, further than the averments that such injuries were "serious" and that plaintiff has suffered and will continue to suffer from them "both in body and mind," such averments as to the character and extent of the plaintiff's injuries are insufficient, and rendered the complaint subject to demurrer upon that ground.

3. *Action for negligence; when counts of a complaint are in case.* In an action to recover damages for personal injuries caused by being knocked down by an ice wagon belonging to the defendant, counts of the complaint which aver that "the defendant by and through its agents or servants  *  *  * negligently caused an ice wagon which was drawn by mules or horses to run against and strike the plaintiff with great

11

[City Delivery Co. v. Henry.]

force, thereby throwing her to the ground and inflicting upon her serious injuries," etc. are counts in an action on the case and not in trespass.

4. *Same; same; when counts of the complaint are in trespass.*—In an action to recover damages for personal injuries caused by being knocked down by an ice wagon, counts of the complaint which aver "that the defendant through its agents or servants, * * * wantonly, willfully or intentionally caused an ice wagon to run against plaintiff with great force thereby throwing plaintiff to the ground and inflicting upon her serious injuries," etc. are counts in trespass for the act of the defendant itself, and are not counts in an action upon the case.

5. *Action for trespass; pleas of contributory negligence present no defense.*—In an action to recover damages for personal injuries, where the counts of the complaint are in trespass, pleas setting up the contributory negligence of the plaintiff present no defense to such counts and are subject to demurrer.

6. *Negligence; when master liable for willful acts of servant.*—The master is liable in damages for injuries willfully and intentionally inflicted by servants while acting within the scope or line of the servant's employment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellee, Lula Henry, against the appellant, the City Delivery Company, to recover damages for personal injuries caused to plaintiff by being knocked down by an ice wagon belonging to the defendant while in charge of and being driven by an employe of the defendant.

There were four counts in the complaint, but the averments of these several counts necessary to an understanding of the decision on the personal appeal are sufficiently stated in the opinion.

The defendant demurred to these several counts of the complaint, which demurrers were overruled by the court.

The defendant pleaded the general issue and several special pleas, among which were the following: "Fourth. And for further answer to the plaintiff's complaint and to each count thereof the defendant says that the plaintiff was guilty of negligence which proximately

contributed to her alleged injury which would bar a re-
covery in this case. Fifth. That the plaintiff was guilty
of negligence which contributed proximately to her al-
leged injuries in this: That while walking along and.
across one of the public street in the city of Birming-
ham, Alabama, towit, at the intersection of Eighteenth
street and Second avenue she negligently and care-
lessly did so without either looking or listening for cars
or vehicles that might be passing along. Seventh. And
for further answer to the complaint and to each count
thereof the defendant says that the plaintiff was guilty
of negligence which contributed proximately to her al-
leged injuries in this: that shortly before the accident
the plaintiff being a passenger on one of the cars of the
Birmingham Railway & Electric Company, a common
carrier doing business in Jefferson county, Alabama,
alighted therefrom at the intersection of Second avenue
and Eighteenth street, in the city of Birmingham, Ala-
bama, negligently and carelessly failed to listen and look
and proceeded across Eighteenth street without taking
ordinary and due care for her preservation and safety
in that if she had looked or listened she could have seen
and heard the defendant's wagon and mules as they
were going north on Eighteenth street in the opposite
direction to the car from which the plaintiff had
alighted, and thereby have avoided the collision with the
mules and the injuries alleged to have been received in
her complaint."

The plaintiff demurred to each of these pleas upon the
grounds: 1. That they do not set up any facts that
showed that the plaintiff was guilty of contributory neg-
ligence; and 2d, because said pleas go to the whole of the
complaint and constitute no answers to 2d and 4th
counts thereof. The demurrers to the 4th, 5th and 7th
pleas were sustained.

The defendant requested the court to give to the jury
several written charges, among which was the general
affirmative charge in reference to each of the counts of
the complaint, and also the following: (13.) "If the
jury believe the evidence, they can not award punitive
or vindictive damages against the defendant." (15.)

"If the jury believe from the evidence that the defendant's driver intentionally drove its wagon on to the plaintiff at the time of her accident, then you cannot find a verdict against the defendant in this case, unless the jury should also find that prior to the accident the defendant corporation authorized and directed the act of the driver or subsequently thereto ratified it." (16.)

"If the jury believe from the evidence that the defendant's driver, John McClary, wantonly, recklessly and intentionally ran over the plaintiff on the 21st day of October, 1900, at the intersection of Second avenue and Eighteenth street, in Birmingham, Alabama, and if the jury further believe from the evidence, that the defendant corporation did not authorize or direct its driver so to do, or had not knowledge at the time of the accident, or prior thereto, that such was about to be done, then I charge you that the defendant corporation is not liable to the plaintiff for such conduct on the part of its driver."

There were verdict and judgment for the plaintiff assessing her damages at $1,000. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN F. MARTIN, for appellant.—The plaintiff's action was founded in trespass. The first, second, third and fourth counts of the complaint, are counts in trespass. The Supreme Court of Alabama in the case of *Pruitt v. Ellington*, 59 Ala. 454, drew the distinction between an action of trespass and an action of trespass on the case, BRICKELL, C. J., observing, that "For that a tort committed with force and intentionally, the immediate consequence of which is injury, trespass is the appropriate remedy. If the injury proceeds from mere negligence, or is not the immediate consequence of the tort, case is the appropriate remedy.—*Bell v. Troy*, 35 Ala. 184. Certainly the second and fourth counts of the complaint are counts in trespass.—*Ragsdale v. Bowles*, 16 Ala. 62; *So. Bell T. & T. Co. v. Francis*, 109 Ala. 232.

[City Delivery Co. v. Henry.]

The wrong charged was positively direct and immediate, which is the distinguishing characteristic of trespass.—*Wabash R. R. Co. v. Savage*, 9 N. E. Rep. 89; 1 East. 106, 109.

Even though the defendant's driver may have been at fault, under such circumstances, the plaintiff was guilty of contributory negligence.—*Butterfiield v. Forrester*, 1 East. 60; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 12; Beach on Contributory Neg., Par. 4; *Cotton v. Wood*, Heb. (98 Eng. Com. Law Rep.) 566; *Barker v. Savage*, 45 N. Y. 191.

BANKS & SELHEIMER, *contra.*—Each of the counts in this case stated an action on the case.—*So. Bell T. & T. Co. v. Francis*, 109 Ala. 238; *Wabash R. R. Co. v. Savage*, 9 N. E. Rep. 88; *Case v. Hulsebush*, 122 Ala. 212.

The evidence was clearly sufficient to justify the inference that the negligence of the driver of defendant's wagon was willful, wanton or intentional.—Wood's Master & Servant, § 297; *Ritchie v. Waller*, 27 L. R. A. 161.

McCLELLAN, C. J.—This action is prosecuted by Lula Henry against the City Delivery Co. and sounds in damages for personal injuries. The character and extent of plaintiff's injuries are not indicated in the complaint further than is involved in the averments that they were "serious," and that she has suffered and will continue to suffer from them "both in body and mind." In our opinion these averments are insufficient. The defendant haled into court to answer a complaint for having inflicted injuries upon the person of the plaintiff, and thus impleaded to defend both the wrong and the injury, and to compensate for the latter if the wrong be proved, the damages being measurable by the character and extent of the hurts done, is entitled to be apprised by the complaint at least as to the physical injuries the plaintiff has suffered. The plaintiff must prove what such injuries were, and the defendant has a right to have them stated in the complaint with certainty and definiteness to a common intent that it may be prepared

to rebut the case she proposes to lay before the jury, or, in other words, "while it is unnecessary that the complaint should describe in detail all the characteristics and consequences of the injuries or wounds sustained, and extreme particularity is not required, actual known facts as to the injuries and their results should be stated with such reasonable accuracy as the circumstances of the case will permit, in order that the adverse party may be informed of their nature and extent, and thus be advised as to the character of the proof which may be introduced."—16 Encyc. Pl. & Pr. 377. This defect in the complaint in this case was pointed out by the demurrer, and the demurrer should have been sustained.

The 1st and 3d counts of the complaint aver that "the defendant, by and through its agent or servant, John McClary, negligently caused an ice wagon which was drawn by mules or horses to run against and strike plaintiff with great force thereby throwing her to the ground, and inflicting upon her serious injuries," etc., etc. It is insisted for appellant that these counts are in trespass and not case. We think not. If it be granted that, construing the averments against the pleader, the intendment is that the running against and striking the plaintiff was directly caused by the negligent act of the defendant itself, and not that the collision was due to the negligent act of the defendant's servant merely, still the injury, being a resultant of negligence and not of intentional causation, would be indirect, wanting in the application of force and consequential within the doctrine which distinguishes case from trespass.

But, in our opinion different conclusions are to be reached in respect of the 2d and 4th counts. They severally aver that "the defendant through its agent or servant, John McClary, wantonly, willfully or intentionally caused an ice wagon to run against plaintiff with great force thereby throwing plaintiff to the ground and inflicting upon her serious injuries," etc., etc. We see no escape from the conclusion that the wantonness, willfulness, and intentional wrong thus averred is the wantonness, willfulness or evil in-

tention of the defendant itself as contradistinguished from the wrong of the servant only for the consequences of which the defendant is responsible merely because its relation of employer to McClary. The charge involves the affirmative participation of the defendant in the act of driving the wagon against the person of plaintiff, and not merely the defendant's responsibility of the act of its servant. It is in effect to say that the vehicle was run against the plaintiff by direction of the defendant. The injury ascribed to the defendant is direct and immediate from force applied by it, and not merely from force applied by its servant within the scope of its employment: The counts are in trespass for the act of the defendant itself and not for the unauthorized act of its servant for which it is responsible. To sustain them proof of actual participation on the part of the defendant in the damnifying act was essential. No such proof, nor any evidence tending to establish such participation, was adduced. The affirmative charges, with hypotheses, requested by the defendant on the 2d and 4th counts of the complaint should, therefore, have been given.

It will suffice to say with reference to the action of the city court in sustaining demurrers to the 4th, 5th and 7th pleas that each of these pleas purported to answer the complaint as a whole, and they are obviously bad as against the 2d and 4th counts.

Pleas 4, 5 and 7 being eliminated, the contributory negligence hypothesized in charges 14 and 17 was not pleaded at all, and for that; if for no other, reason those charges were properly refused.

We consider it the settled law of this State that the master is liable in damages for injuries willfully and intentionally inflicted by the servant while acting within the general scope or line of the employment.—*Southern Bell Telephone, &c. Co. v. Francis,* 109 Ala. 224, 231, *et seq.*

For the errors pointed out the judgment of the city court must be reversed. The cause is remanded.