# Lipscomb *v*. Seaman.

### Damages for Killing Dog.

(Decided May 9, 1907.  44 South. 46.)

1. *Pleading; Particularity; Sufficiency.*—A complaint claiming damages for the wrongful shooting of plaintiff's dog, and concluding "and other wrong done to said plaintiff by said defendant on or about" a named time, without specifying in what the other wrong consisted, is demurrable.

2. *Animals; Killing Dog; Sufficiency of Evidence.*—The evidence in this case examined and held insufficient to support an action for the wrongful shooting of plaintiff's dog by defendant.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by William T. Seaman against Robert M. Lipscomb for damages for the wrongful killing of a dog. From a judgment for plaintiff defendant appeals. Reversed and remanded.

CALLAHAN & HARRIS, for appellant.—The court erred in overruling the demurrers to the complaint.—*City Delivery Co. v. Henry,* 139 Ala. 161. The evidence does not support the action.—*Shepherd v. Dowling,* 103 Ala. 566; *Railroad Co. v. Clay,* 108 Ala. 236; *Teague, et al.*

*v. Bass,* 31 South. 4; *Southern Ry. Co. v. Nelson,* 41 South. 1106.

WERT & WERT, for appellee.—Counsel discuss assignments of error but cite no authority.

DOWDELL, J.—In the first count of the complaint the plaintiff claims demages for the alleged wrongful shooting of plaintiff's dog by the defendant, and this count concludes as follows: "And other wrongs done to said plaintiff by said defendant on or about the 1st day of June, 1905." The "other wrongs" done plaintiff, and for which damages are claimed, are nowhere specified in the count. Under the principle laid down in the case of *City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389, such an averment is insufficient, and rendered the count subject to the demurrer interposed. When a defendant is haled into court to answer in damages for alleged wrongs done the plaintiff, good pleading requires that the complaint should inform the defendant in what the alleged wrongs consist.

The bill of exceptions purports to set out all of the evidence had on the trial. There was evidence tending to show that on the night in question, to-wit, 5th of June, 1905, that the defendant shot at some dogs that were fighting on the porch of plaintiff's house. There was evidence also tending to show, or rather evidence from which it might be inferred, that as a result of the shooting a dog was killed. But the evidence wholly fails to show that the plaintiff's dog was killed. The only witness who testified to the fact of a dog being killed were Ed Kimble and one Britton. The testimony of the former showed that the dog which was killed was witness' dog, and not plaintiff's. The testimony of Britton was that the next morning after the shooting he saw a

[Southern Railway Co. v. Hobbs.]

dead dog in plaintiff's yard, but did not testify whose dog it was. So far as the evidence discloses, only one dog was killed, and the only just and reasonable inference to be drawn from the testimony of the witness Britton is that the dead dog, which he saw the next morning in plaintiff's yard, was Ed Kimble's dog. It would be but the purest speculation, and opposed to the only reasonable inference to be drawn from the whole evidence, to say that the dog that was killed was the plaintiff's dog. We are of the opinion that the defendant was entitled to the general charge as requested in writing.

For the error pointed out, the judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.