(60 South. 241.)

No. 19,238.

VOISIN v. SCHWING LUMBER & SHINGLE CO., Limited.

(Dec. 16, 1912. Rehearing Denied Jan. 6, 1913.)

*(Syllabus by the Court.)* ·

1. Logs and Logging (§ 35*)—Conversion —Burden of Proof.

The burden of proving his allegations lies upon the plaintiff, and, where he has failed to sustain that burden by a preponderance of the evidence, he must fail.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 113–115; Dec. Dig. § 35.*]

2. Appeal and Error (§ 1002*)—Review— Verdict — Conflicting Evidence—Damages.

Unless the finding of a jury on matters of fact is clearly wrong, much weight will be given it, and, as they found that plaintiff from the mass of conflicting evidence had failed to establish the essential fact of his ownership of the logs in question, the plaintiff must fail. The evidence does not disclose any reason for reversing the verdict of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; L. B. Claiborne, Judge.

Action by George Voisin against the Schwing Lumber & Shingle Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

J. H. Pugh, of Plaquemine, and Walter Lemann, of Donaldsonville, for appellant. Albin Provosty, of New Roads, for appellee.

BREAUX, C. J. This is an action in damages to the amount of $10,000, alleged value of 264 logs, and also for damages and fee of attorney.

The logs in question, plaintiff alleged, were forcibly taken by defendant and sawed into lumber for defendant's account.

An exception of no cause of action was filed and promptly overruled, and the defendant answered by a general denial.

The jury's verdict was for defendant.

The facts, according to plaintiff's contention, are that defendant company arrested workmen on his (plaintiff's) raft and forcibly took the logs. Plaintiff averred that according to contract his brother was employed in logging trees from section 49, and from the southeast quarter in township 6, both owned by Joseph Norgrass; that he acquired the right from his brother of cutting down trees on the land of Norgrass, with the approval of Norgrass, who showed him the lines of the tracts at the time that he acquired the right.

The defendant controverts plaintiff's testimony and avers that the trees were cut from its lands near by, the lands described above; and that plaintiff's brother, Warren Voisin, in accordance with the agreement between it and Warren, was to log these trees; that it supplied him with provisions and furnished him with chain dogs for rafting the timber. Defendant claims a balance of $1,751.93 as due by Warren.

The business relations between plaintiff (George) and his brother (Warren) must have been close and intimate; they are treated as one by the defendant. There seems to have been only one account between them, and the acts of one are referred to as the acts of the other, and all of this without objection; and the balance due on account, as before mentioned, is referred to as if due jointly by Warren and George.

Defendant states that it became concerned about its timber; that they (George and Warren) were slow in their work; and it apprehended that they were floating away logs to other mills. In the investigation which was instituted in matter of these logs, the testimony shows that there was contradiction on the part of plaintiff and his brother; that they were not (as charged by defendant) seeking to discharge the contract, but, on the contrary, to log the trees for their own account. Plaintiff did not account for the possession of the logs satisfactorily;

and, although he did not object to questions propounded at the time and before the suit was brought, he answered them in a way that left defendant to infer that it was defrauded by the brothers.

Plaintiff had 264 logs, and said that they were cut down and floated away from the land of Norgrass. Careful inspection of Norgrass' woods showed that only 89 logs had been taken from the land of Norgrass. But of this later.

The dispute about these logs has been protracted and, we infer, not over pleasant. The state, at the instance of defendant's officers, instituted a criminal prosecution against the plaintiff and his brother and their employés, which did not result in conviction, but, on the contrary, they were released as not guilty. Afterwards Warren, one of the brothers, brought a suit against the defendant for these logs. Joseph Norgrass, who owns the land as before mentioned, intervened and joined plaintiff. This suit was discontinued. Subsequently George Voisin, the plaintiff in the present action, brought this suit. In the testimony there is repeated reference to the lakes and bayous near by. The chene has become the Bayou Cheyenne. Whiskey Bay is referred to by witnesses as a harbor for logs. There are other water courses through which logs are floated, and sometimes it happens that they become mixed; an owner of logs will find logs of which he claims ownership making up a raft belonging to another owner, and misunderstandings about them arise. Stray logs, we imagine, are not always easily identified, and the identification of a number of them, even in raft, is, we infer, exceedingly difficult at times. Witnesses for plaintiff have not given a consistent account of their ownership as the asserted owners of the trees; they are contradicted at important points. Defendant sent an engineer and assistants to inspect the trees on Norgrass' land, who, as before stated, found that only 89 trees had been

taken therefrom. Plaintiff's contention is that George or Warren took 300 trees therefrom in addition to the 89 trees. It does not appear that the woodman's ax cut down more than 89 trees. From that number, in the nature of things, it is not possible to find 300 trees as having been felled from a tract of land where it appears that only 89 were taken. Again, plaintiff is not consistent in his testimony. It is a matter of great doubt whether he took the logs for his own account or for the account of his brother. In other words, it appears that sometimes George Voisin worked in the swamps in floating logs and sometimes his brother, Warren.

The owner of the land, Norgrass, said that he dealt with Warren in letting the right to take timber, while George, the plaintiff, considers himself the contractor. Ordinarily that would amount to very little were it not that the brothers before named add confusion to their asserted rights by their contradiction.

There are witnesses who testified directly upon the subject and who evidently felt confident that they were working on the land of Norgrass; others were equally as positive that it was not the land of Norgrass, but that of the defendant.

There are witnesses who testified that the trees in question, after they had been floated away from the land and placed in Sterling Lake, were in the northern part of the lake, and those of defendant in the southern part; that in making up the raft of logs plaintiff took the trees from the northern part of the lake and not from the southern.

Defendant's story and that of its witnesses is entirely different. One of defendant's witnesses (and in some respects he is corroborated) testified that he had seen defendant's timber in Lake Sterling, and that he identified the logs after they had been taken away from there as the logs of defendant. A number of the trees in the raft in question

had been branded some years before as the property of defendant. The branded part of the trees in the raft was turned down, and, when the logs were released from their fastenings, they would not remain turned down, but turned up, showing the brand. The inference is, according to this witness, that this was done as an attempted concealment of the ownership of the logs.

We will state in regard to the asserted identification—an inference justified by the record—that there is a difference among trees of different localities, owing to drainage, or the want of drainage, the nature of the land, and other causes, so that it is not strange that the jury believed the witnesses when they testified from the appearance of the trees as to the ownership by the defendant.

The parties freely charged one another with trespass.

The jury evidently did not concern themselves about the trespass, which seems to have been easy enough to establish, but found, doubtless, after having heard the witnesses, that plaintiff had not proven title.

After having read the testimony carefully, we have not found that the jury erred.

[1, 2] One of plaintiff's contentions is that the manner in which the defendant took possession of these trees was illegal; that the trees should be restored to him and defendant mulcted in damages for its illegal act in taking the trees without resorting to the courts. That issue is not prominently brought out by the pleadings. The issue, as we read, is the ownership vel non, and we have concluded that plaintiff has not succeeded in proving title. As to whether defendant has been more fortunate, we do not deem it necessary to decide. Plaintiff had the onus of proof, and, in attempting to sustain that onus, he signally failed. We must leave him where the weakness of his testimony places him.

For reasons assigned, the judgment is affirmed.