(101 South. 55)

**HODGES & HEWLETT v. MARTIN.**
(8 Div. 671.)

(Supreme Court of Alabama. June 26, 1924.)

**1. Trespass ⬳40(3)—Locus in quo held sufficiently described.**

Count in trespass for cutting down and removing trees from "certain 10 acres of land in south side of N. E. ¼ of S. W. ¼ of sec. 26, Tp. 7, R. 9," held to sufficiently describe locus in quo as S. ½ of S. ½ of N. E. ¼ of S. W. ¼ or extreme southern 10 acres.

**2. Trespass ⬳40(5)—Count claiming no fixed amount of damages subject to demurrer.**

Count in trespass, claiming no fixed or certain amount of damages, is defective and subject to appropriate demurrer.

**3. Trespass ⬳40(5)—Count not claiming fixed amount of damages held not ground for reversal.**

Count in trespass, claiming no fixed or certain amount of damages, held not ground for reversal, in absence of appropriate demurrer or motion to set aside judgment as excessive or not supported by complaint; being at least sufficient to support nominal damages.

**4. Appeal and error ⬳1050(1)—Improper admission of deeds in chain of title held harmless error.**

Error, if any, in admission of deeds in plaintiff's chain of title, was without injury, where he proved possession of immediate grantor and himself for more than ten years before alleged trespass.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Evidence ⬅383(7)—Introduction of deed from plaintiff by defendant in trespass admission of grantor's ownership.**

In trespass, defendant's introduction of deed from plaintiff and others is admission of ownership of land by grantors.

Appeal from Circuit Court, Lawrence County; James E. Horton, Jr., Judge.

Action in trespass by J. J. Martin against Hodges & Hewlett, a partnership. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 2 of the complaint is as follows:

"(2) Plaintiff claims of the defendants for that, on or about during the year of 1923, the defendants, their servants or agents, acting within the line and scope of their authority, went upon, cut down, or carried away a great number of trees from a certain 10 acres of land in south side of N. E. ¼ of S. W. ¼ of Sec. 26, Tp. 7, R. 9, Lawrence county, Ala., which said land at the said time was owned and possessed by this plaintiff, to plaintiff's damage as aforesaid, hence this suit."

Over objection of defendants, plaintiff introduced in evidence these conveyances to the land involved: Deed from James D. Pickens to J. D. Pickens, Jr., dated January 19, 1887. Deed from J. D. Pickens, Jr., to J. D. Robinson, dated September 24, 1890. Deed from J. D. Robinson to plaintiff dated January 18, 1904.

R. E. Smith, of Huntsville, for appellants.

The second count of the complaint was defective in description of the land and in failing to aver the amount of damages sought to be recovered. Carroll v. Fausett, 206 Ala. 526, 91 South. 73; 2d Dec. Dig. 1076, ⬅ 153. The deeds were improperly admitted in evidence, it not being shown that title was in the grantors.

William L. Chenault, of Russellville, for appellee.

The description is sufficient. Sims & Howell v. Thompson, 30 Ala. 158. There was no error in admitting the deeds to the land; plaintiff showed adverse possession for more than 10 years.

ANDERSON, C. J. [1] Judgment was rendered for the plaintiff on count 2 of the complaint. This count was in trespass, and we think sufficiently described the locus in quo. The 10 acres from which the trees were cut are placed in the southern side of the quarter section, and we think the words as used mean the 10 acres in the extreme southern part of the quarter section; i. e., 10 acres upon the southern boundary thereof. In other words, we think the land meant was the S. ½ of S. ½ of N. E. ¼ of S. W. ¼, or the extreme southern 10 acres.

[2, 3] It is also insisted that the complaint, count 2, is bad because it claims no fixed or certain amount as damages claimed. This, of course, rendered the count defective and subject to an appropriate demurrer, but we find no ground of demurrer raising this question. This defect did not prevent the count from stating a cause of action, as it was at least sufficient to support nominal damages, and no motion was made to set the judgment aside because excessive or not supported by the complaint.

[4, 5] The Pickens deeds may have been improperly admitted, but this was error without injury, as the plaintiff proved the possession of his immediate grantor and possession in himself for more than 10 years before the alleged trespass. Moreover, the defendants introduced in evidence a deed from the plaintiff et al. to the land in question, and which was, in legal effect, an admission of ownership of the land by his grantors. Elliott v. Dycke, 78 Ala. 150; Zimmerman v. Dunn, 151 Ala. 435, 44 South. 533.

The trial court did not err in rendering judgment for plaintiff as for the reasons argued by appellants' counsel. The complaint did not fail to state a cause of action, and the evidence did not fail to establish an ownership in plaintiff to the land upon which the trespass was committed.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.