165 So. 627

## HANSON v. FOREMOST DAIRY PRODUCTS, Inc.

### 6 Div. 459.

Supreme Court of Alabama.
June 7, 1934.

Rehearing Denied June 28, 1934.

John W. Altman, Robert F. Proctor, and Altman, Busby & Proctor, all of Birmingham, for appellant.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

W. H. Sadler, Jr., of Birmingham, for appellee.

KNIGHT, Justice.

This case is in this court on appeal by the plaintiff in the court below from a judgment granting the defendant a new trial.

The appellant sued the appellee, the Foremost Dairy Products, Inc., for false imprisonment. The trial resulted in a verdict for plaintiff, assessing her damages at $2,000, and on motion duly filed the trial court granted the motion, set aside the verdict, and restored the cause to the trial docket. There were many grounds stated in the motion invoking judicial interference with the verdict. In granting the motion, the trial judge filed a short opinion as follows: "In my opinion the court erred in refusing to give the general affirmative charge for the defendant. The motion for a new trial is therefore granted and the verdict in this cause ordered set aside."

The case went to the jury on count B alone.

The first insistence of appellant is that count B is in case, not trespass as contended by appellee, and that there was ample evidence not only to carry the case to the jury, but to support the verdict. It is further insisted by the appellant that, under the doctrine of an alter ego or vice principal, there was sufficient evidence in the case to carry it to the jury, and to support the verdict, should it be held that count B was in trespass, and

202

charged a corporate act in the wrongful arrest of the plaintiff.

On the contrary, it is here insisted by the appellee that count B charged a corporate act and was in trespass, and that there was no evidence in the case which justified its submission to the jury, and therefore the court committed no error in granting the new trial. It is further insisted that, if it should be held that the count does not charge a corporate act in causing the arrest of plaintiff, but sought to hold the defendant to liability as for the wrongful act of an agent or servant, the evidence wholly fails to show that such agent or servant was acting at the time within the line and scope of his employment in such way as to render the defendant liable upon the theory of respondeat superior.

It will thus become necessary to determine whether the cause of action stated in count B was in case, or in trespass for the act of the defendant itself. To sustain the latter, proof of actual participation on the part of the defendant in the wrongful arrest was essential.

It is a cardinal rule of construction and interpretation of a complaint or plea that the entire pleading should be considered and construed as a whole, and a segregated portion thereof cannot control the construction. Louisville & Nashville R. R. Co. v. Smith, 163 Ala. 141, 50 So. 241; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Alabama Power Co. v. Stogner, 208 Ala. 666, 95 So. 151; Louisville & Nashville R. R. Co. v. Johnson, 162 Ala. 665, 50 So. 300.

It is the contention of appellee that count B charges the wrongful act directly to the defendant itself, and not to the act of the servant, for which it would be responsible. To sustain its contention, appellant relies upon the case of City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, and cases construing similar pleading as in the Henry Case, and which followed the conclusion reached in that case.

The charge in the Henry Case, and other cases cited by appellee, was that the defendant through its agent or servant did the damnifying act.

In the instant case, construing the count as a whole, as we must do, the wrong complained of is charged to the servant, and the clear and certain purpose of the pleader was, and is, to charge that the servant, acting within the line and scope of his employment, caused the arrest and imprisonment of the plaintiff. The defendant's liability to answer in damages is not predicated upon the actual participation by the corporation in the damnifying act, but because of the master's liability to respond in damages for the wrongful act of the servant done within the line of his employment. A fair and reasonable construction of the complaint, it seems to us, excludes the idea that it was the purpose to charge the wrong to the act of the defendant itself, but to that of the servant, for which the defendant is liable under the doctrine of respondeat superior.

We therefore conclude that count B does not charge a trespass by defendant, as in the Henry Case, supra, but seeks to fasten liability upon defendant on the doctrine of respondeat superior for the wrong of the servant.

It is evident that the trial court took the opposite view, and was of the opinion that the count was in trespass, and that there was no evidence tending to show that the corporation defendant did in fact direct the arrest, or that it participated therein, or ratified the same.

We are authorized to assume that the trial judge was so impressed, for there was ample evidence in the case not only to necessitate its submission to the jury, in the first instance upon the question of whether Reese, appellee's agent, was acting within the line and scope of his employment at the time the arrest was actually made, and did in fact cause the officers to further detain and imprison the appellant, but also to sustain a verdict for the plaintiff, if the pleadings presented a case against the appellant that falls within the rule of respondeat superior.

To uphold the ruling of the trial court, the appellee's counsel has here argued two points: First, that count B charged the defendant with actual participation in the damnifying act, and that there was no evidence in the case to show, or tending to show, such participation; and, second, that, if it be held that the complaint is so drawn as to charge liability to the defendant, under the rule of respondeat superior, the evidence does not show, or tend to show, that the said Reese, at the time he is alleged to have directed the holding or imprisonment of the plaintiff appellant was acting within the line and scope of his employment. Thus the issues here argued are considerably narrowed.

In our opinion the evidence did not warrant the submission of the issue on the first above stated proposition, that the defendant itself participated in the damnifying act complained of, nor does it show any ratification of the act.

But in our opinion the conclusion is inescapable from the evidence that the plaintiff was thrown into prison on a charge of petit larceny by direction of the defendant's agent Reese, when she refused to pay for certain milk, and that the said agent was then proceeding and acting within the line and scope of his employment, and that the verdict should not have been disturbed. Bank of Cottonwood et al. v. Hood, 227 Ala. 237, 149 So. 676.

In granting the new trial to the defendant in the court below, we are fully persuaded, under the rule declared in Cobb v. Malone, 92 Ala. 630, 9 So. 738, the court committed error.

For the above error in granting the motion for new trial, the judgment of the circuit court is reversed, and judgment here rendered overruling the motion for new trial, and reinstating the judgment.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes