173 So. 85

**PEOPLES FURNITURE CO. v. WILSON.**

7 Div. 433.

Supreme Court of Alabama.

March 11, 1937.

W. M. Rayburn, of Gadsden, for appellant.

Joe Brown, of Gadsden, for appellee.

FOSTER, Justice.

The trial court gave to the jury for plaintiff the affirmative charge on count 4 of the complaint. The verdict for plaintiff must be treated as responding to that charge.

The chief insistence made by appellee in support of the charge is the claim that count 4 is in trespass, and that plaintiff has proven trespass unless the conduct was justified, and that there was no plea of justification.

But there appears in the transcript what we interpret as such a plea. It follows the plea of not guilty, and is in a separate paragraph, and though not numbered it is stated to be as a "further" defense. There was no demurrer to it. True, it was filed before count 4 was filed, but after count 1. The record does not show any pleas filed after the filing of count 4. But the judgment recites that the issues were joined. That means on the pleadings on file. By that the plea of not guilty and justification should be treated as going to all counts. That plea avers that possession was obtained by the consent of plaintiff's wife who then claimed

the property. Such consent may be a good defense. Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247. But its sufficiency is not before us. We think the issues tendered by that plea were supported by some phases of the evidence, and should have been submitted to the jury.

Since we have reached that conclusion, it is not necessary for us to construe count 4 as whether it is one in trespass or in case. If it charges the wrong to the defendant, it is trespass, but if it charges defendant with responsibility for the wrong of its servants or agents, it is in case in so far as it seeks recovery against the defendant as principal. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Hanson v. Foremost Dairy Products, 229 Ala. 200, 155 So. 627; Edwards v. Russell, 222 Ala. 484, 133 So. 3; Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693.

The general rule is that it is not necessary to plead justification specially to an action in case. 11 Corpus Juris 19. So that in any aspect of that situation, the question of justification was an issue in the case.

We need not consider other assignments of error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.