38 So.2d 281

**JONES v. MULLIN et al.**

4 Div. 505.

Supreme Court of Alabama.

Jan. 13, 1949.

Reversed and remanded.

A. L. Patterson, of Phenix City, for appellant.

Smith & Smith and H. A. Ferrell, all of Phenix City, for appellees.

BROWN, Justice.

This appeal is by the defendant from a judgment rendered in favor of the appellee in an action of common assumpsit for work and labor done and material furnished in making repairs on a truck and tractor for the defendant. Trial resulted in a verdict and judgment for the plaintiff on March 25, 1948. Motion for a new trial seasonably filed was overruled April 12, 1948. The transcript of testimony made by the reporter was filed with the clerk on the 14th of October, 1948.

Motion is made here by the appellee to strike the transcript of testimony as filed on the ground that it was not filed within 70 days from the overruling of the motion for new trial. In response to the motion the appellant has filed two affidavits going to show that the delay was occasioned on account of the reporter being heavily loaded with work and timely request for the preparation of the transcript. Appellee has not pointed out any defect or errors in the record of the testimony as filed with the clerk with supporting affidavits as required by Rule 48, Supreme Court Practice, the last paragraph of which provides: "The certified transcript, though filed after the ninety-day period herein referred to but within the time for taking an appeal, will nevertheless be considered by the court if no objection thereto is presented upon the submission of the cause; and it may be so considered in the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should and would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered." Code 1940, Pocket Part 1947, Tit. 7, Appendix, p. 117, Rule 48.

No material omission or defects are pointed out by the appellee with supporting affidavits. The motion to strike, therefore, will be overruled. Rule 48 supra.

504

We deem it not improper to point out that in such Rule 48 of Supreme Court Practice as it appears in the 1947 Cumulative Pocket Part of Title 7, Code 1940, p. 117, first paragraph, the line reading "shall make such request in time for the court reporter" was omitted. This line should appear after the word "reporter" on the third line of the rule as therein printed and immediately before the words "in the exercise of reasonable diligence".

The defendant interposed six pleas in the order now stated: "not guilty"; payment; set-off; recoupment; general issue in short by consent with leave * * * and recoupment. Motion was made separately to strike each of said pleas and the court granted the motion to strike pleas 4 and 5, which the reporter will set out in his statement of the case.

■ Nearly a half century ago this court speaking by Chief Justice McClellan made the following observations: "There seems to be a growing disposition in the profession to test the sufficiency of pleadings by motions to strike instead of resorting to demurrers. It is easier to move to strike than to demur, since on the motion no grounds need be assigned, while on demurrer grounds of objection must not only be assigned, but they must be specifically stated. Such motion, therefore, does not enlighten the opposite party as to the defects for which his pleading is attacked so as that he may advisedly defend, if there be defense, or as that he may advisedly cure the defect by amendment. These offices are performed by the special assignments of demurrer which our statute requires. These considerations naturally tend to induce the practitioner to resort to a motion to strike rather than to a demurrer; and this they sometimes do in cases which do not admit of such election, or rather as to defects which can only be reached by demurrer. The present is that sort of a case. The supposed insufficiency of the replications can be reached only by demurrer. We will not here undertake to lay down any rule of universal application in this connection, but we are assured of conservatism and safety in declaring that where a pleading, though not frivolous,

unnecessarily prolix, or irrelevant, is supposed to be substantially defective, as where the facts alleged do not constitute a cause of action or defense, the objection must be raised by demurrer; and, on the other hand, that when sufficient facts are stated, but they are not stated in the manner required by the rules of pleading, the objection should be taken by motion to strike. 14 Am. & Eng.Enc.Law, pp. 90–93. * * *.'" Brooks v. Continental Ins. Co., 125 Ala. 615, 618, 619, 29 So. 13, 14. These rules have consistently been adhered to and reaffirmed by the court. Hill v. Hyde et al., 219 Ala. 155, 121 So. 510.

■ Plea I in the instant case was subject to the motion to strike because the plea of "not guilty" is not the general issue in an action of assumpsit. The general issue is an averment that the allegations of the complaint are untrue. Code of 1940, Title 7, § 225; Hill v. Hyde et al., supra.

■ The motion was properly granted as to plea V because it was pleaded in short by consent and consent was denied in the motion to strike.

■ The court erred in granting the motion to strike plea IV. The motion was in writing and became a part of the record and the ruling is reviewable without exception thereto. Code of 1940, Title 7, § 214; Universal Motor Lines v. Walker, 237 Ala. 413, 187 So. 495; Nunez v. Borden, 226 Ala. 381, 147 So. 166; Formby v. Whitaker, 225 Ala. 154, 142 So. 536.

■ The plaintiff assumed by his pleading the burden of proving to the reasonable satisfaction of the jury either that the amount of the account was agreed upon or that the work was done in a good and workmanlike manner, that the charges therefor were reasonable and that the same were due and unpaid. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am.St.Rep. 33; Rice v. Schloss, 90 Ala. 416, 7 So. 802; Cook v. Malone, 128 Ala. 662, 29 So. 653.

■ Charges 1, 2, 4 and 5, given at the instance of plaintiff, ignored the issues presented by defendant's special pleas and should have been refused.

Inasmuch as the case must be reversed and a new trial had, we deem it proper to

observe that the jury was not interested in the matter of enforcing a mechanic's lien. This was purely a matter for the court.

The burden and measure of proof in civil actions at law is that the evidence must reasonably satisfy the jury as to the truth of the averments. The court in the oral charge stressed that the burden was on the parties to prove the issues as presented by a preponderance of the evidence. This is not the law. Such charges have been condemned repeatedly as imposing on the parties a greater burden of proof than the law requires. United States Fidelity & Guaranty Co. v. Charles, 131 Ala. 658, 31 So. 558, 57 L.R.A. 212; Southern R. Co. v. Riddle, 126 Ala. 244, 28 So. 422; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Torrey v. Burney, 113 Ala. 496, 21 So. 348; Mays Adm'r & Co. v. Williams, 27 Ala. 267; Kansas City, Memphis & Birmingham Railroad Co. v. Henson, 132 Ala. 528, 31 So. 590.

For the errors above noted the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.