39 So.2d 16
## BAILEY v. WOODALL.
### 8 Div. 428.

Supreme Court of Alabama.
Feb. 17, 1949.

Russell W. Lynne, of Decatur, for appellant.

C. L. Watts, Wm. H. Blanton and Walter F. Eigenbrod, of Huntsville, for appellee.

BROWN, Justice.

This is an action of assumpsit by the plaintiff (appellant here) against the defendant, seeking to recover damages for work and labor done and materials furnished in the partial execution or performance of a contract between the parties, entered into in writing, for the removal of two buildings from a lot on West Clifton Street to a lot on Holmes Street in the City of Huntsville. The written contract was executed in duplicate on the 19th day of November, 1946. This action was commenced on the 25th of September, 1947.

Some of the counts declare in common assumpsit for work and labor done and material furnished.

Count 5, as amended, is in special assumpsit, averring: "Plaintiff claims of the defendant the sum of Two Thousand Dollars (2,000.00) for breach of contract entered into by and between the plaintiff and defendant on or about the 19th day of November, 1946, which said contract is in words and figures as follows:" setting out the contract in haec verba. To state, in part, its general effect, the defendant agreed to pay to the plaintiff the sum of $3,150.00 for moving a two-story dwelling and tenant house from one lot to another and set the dwelling down on a good foundation. The contract price to be paid in such amounts and under the conditions as hereinafter set out, namely:

"It is understood and agreed that the said party of the first part is to advance to the said party of the second part $800.00 to enable the said party of the second part to jack up, prepare said house for removal and for the removal of said dwelling house and tenant house from the Sanders lot (that is the lot where sais house is now located.) For every yard in lengh said house is removed from its present location the said

party of the second part the sum of $4.00, said payments to be made weekly in order for the said party of the second part to pay his helpers. Such additional advances to be made, after the house has been removed to the lot, where it is to be removed to, in order to meet the pay-roll of the said party of the second part in building the concrete foundation and main foundation, as herein stipulated. Such remaining portions of the amount to be paid by the said party of the first part to the said party of the second part to be withheld until the job is completed to the satisfaction of the said party of the first part. Said house to be removed with all possible speed from the time the removal has begun and the party of the second part is to remove said houses from the Sanders lot within *within* 30 days from the time the job is begun and is *to* removed to the lot on which it is to stand within two and one-half months. The said party of the second part is to complete the job as stipulated in this contract within four months from the time the work is begun."

The count then avers: "And plaintiff alleges that under and by virtue of the terms of said contract, he did faithfully enter into and perform his duties thereunder and did raise the said house from the grounds and from its foundation by the use of said house jacks and did disconnect the water mains or pipes leading into the said house, did remove the chimneys from said house, did prepare a right-of-way for said house to be moved over, did place certain timbers, boards and lumber under the said house for the purpose of moving the same, and did everything needful and necessary for the moving of said house and was prevented from completing the contract because of illness; and that plaintiff has not been paid for the portion of the contract performed by him, nor has the defendant returned the equipment of the plaintiff so used by the plaintiff in the moving of said house, although demands for the same have been duly made by the plaintiff to the defendant, all to plaintiff's damage aforesaid. * * *"

The defendant demurred to said count five. The court sustained the demurrer and because of this ruling plaintiff suffered a nonsuit and appealed as authorized by § 819, Title 7, Code of 1940.

Appellant's contention is that said count five is not for breach of contract but is declaring for work and labor done and material furnished under a contract for the removal of said buildings and that inasmuch as defendant had accepted the result of his labor, he is entitled to recover on quantum meruit and quantum valebant for such work and labor done and material furnished.

The appellee on the other hand insists that the contract is an *entire contract* in its scope and that the consideration is not due to be paid until the contract is fully performed.

We are clear to the conclusion that said count as last amended is in special assumpsit for breach of the contract, and it does not allege a breach of the contract by the defendant. This was necessary to state a cause of action. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am.St.Rep. 33; Jones v. Mullin et al., etc., ante, p. 501, 38 So.2d 281.

Grounds 18, 19, 28 and 38 of the demurrer were well taken. The court did not err in sustaining the demurrer.

The exigencies of this appeal do not require the court to determine whether the contract is entire and not severable in respect to the features stated in the quoted paragraph.

The judgment of the circuit court is due to be affirmed. So ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.