52 So.2d 393

JONES v. THOMAS.

4 Div. 632.

Supreme Court of Alabama.

May 10, 1951.

· J. C. Fleming, Elba, for appellant.

Chas. L. Rowe, Elba, and Steiner, Crum & Baker, Montgomery, for appellee.

LAWSON, Justice.

Lewe B. Thomas brought suit in the circuit court of Coffee County against S. T. Jones to recover damages arising out of a collision between the truck of plaintiff, which he was driving, and a truck of defendant driven by his agent.

There was verdict and judgment for plaintiff.

Verdict for plaintiff was, on his motion, set aside and a new trial granted for inadequacy in the amount of damages awarded.

From the judgment granting a new trial the defendant appealed to this court. The appeal was designed to present to this court the single question of the propriety of the judgment granting plaintiff a new trial on the ground of inadequacy of damages awarded and to secure a reinstatement of the verdict and judgment thereon.

But submission here was not only on the merits but on motions made by appellee, including one to strike the transcript of the evidence. The judgment granting the motion for new trial was rendered on October 20, 1950. The transcript of the evidence was not filed within seventy days after the date on which the judgment granting the motion for new trial was ren-

dered. In Dewrell v. Kearley, 250 Ala. 18, 19, 32 So.2d 812, 814, it was said: "It results that, with the 1945 act out of the way, the original act, Act No. 461, General Acts 1943, p. 423 [Code 1940, Tit. 7, §§ 827(1) to 827(7)], with Supreme Court Rule 48, Code 1940, Appendix, Title 7, requiring, as a matter of diligence, the filing of the transcript within seventy days from the time of the original judgment or the ruling on the motion for a new trial, remains in force and controls the decision on the motion of appellee to strike the transcript of the evidence. The appellant not having complied with this rule of diligence, the transcript is subject to be stricken and the motion of appellee to that end is well taken and must be sustained. So ordered."

■ Under the provisions of Rule 48, Supreme Court Practice, this court may in its discretion consider a transcript of the evidence not duly filed where no objection thereto is presented upon the submission of the cause. Jones v. Mullin, 251 Ala. 501, 38 So.2d 281. But here, as before shown, objection was presented upon submission. However, under Rule 48, supra, we may in our discretion consider the transcript when not duly filed unless the objecting party points out, with supporting affidavits, material omissions or defects in such certified transcript of the evidence which should and would have been the subject of contest before the trial judge. But the rule does not contemplate that we overlook the express requirements as to the due filing of the transcript unless some excuse is made to appear as to why the transcript was not duly filed, as was done in Jones v. Mullin, supra.

■ In the instant case, no explanation of any kind is made by the appellant as to why the transcript of the evidence was not filed within the time prescribed, although counsel for appellant was served with a copy of the motion to strike the transcript of the evidence two days prior to submission here. For aught that appears, the delay was due to the failure of the appellant to make timely request of the court reporter for a transcript of the evidence.

· We think the motion to strike the transcript of the evidence is well taken and

**508**

must be sustained. Callahan v. Thomas, 252 Ala. 617, 42 So.2d 534.

█ Without the transcript of the evidence, there is nothing before the court for review, so the judgment must be affirmed.

Motion to strike granted and judgment affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.