76 So.2d 164

**SOUTHERN RAILWAY COMPANY**

v.

**John SANFORD.**

**SOUTHERN RAILWAY COMPANY**

v.

**Eli SANFORD.**

**SOUTHERN RAILWAY COMPANY**

v.

**Alta MANUEL.**

6 Div. 514–516.

Supreme Court of Alabama.

Nov. 18, 1954.

Bankhead & Skinner, Jasper, for appellant.

J. L. Stephenson, Parrish, Powell & Wilson, Jasper, for appellees.

LAWSON, Justice.

Southern Railway Company, as the successor to Northern Alabama Railway Company, has maintained railroad tracks through the Town of Parrish, Walker County, Alabama, for a number of years. The two tracks with which we are presently

concerned may be said to run in a northerly and southerly direction. North of the depot the two tracks run side by side in a cut, in which they were placed a number of years ago.

In 1948 the Southern Railway Company widened the cut so as to make it extend eastward a distance of approximately fifty feet from the center of the east track.

John Sanford brought suit in the circuit court of Walker County to recover damages from the Southern Railway Company, claiming that in its widening operation the defendant cut and removed from his lot a strip of land of which he was in possession. John Sanford's brother Eli and his sister, Mrs. Alta Manuel, separately brought similar suits against the Southern Railway Company.

Each of the suits involves a separate town lot, but because the lots adjoin and because of the similarity of the issues involved, the plaintiffs and the defendant agreed that the three cases be tried together before the same jury.

The trial resulted in verdicts and judgments in favor of the plaintiffs. Motion for new trial filed by the defendant in each case having been overruled, it has appealed to this court.

By agreement of all the parties to the litigation, we entered an order consolidating the three appeals and submission in this court was on one record.

Submission was had on the merits and on motion of appellees "to strike the Bill of Exceptions filed in this cause and affirm the judgment rendered therein" and on affidavits pertinent to the motion.

### On Motion to Strike

■ The grounds of the motion to strike are all to the effect that the appellant failed to comply with the provisions of § 822, Title 7, Code 1940, which section relates to bills of exceptions.

Use of bills of exceptions in cases at law in the circuit courts of this state was abolished by an act approved July 12, 1943, General Acts 1943, p. 423, which act became effective September 1, 1943. That act, as amended by an act approved September 12, 1951, General Acts 1951, p. 1527, provided the method of presenting to this court on appeal the testimony adduced at the trial below; that is, by including in the record a transcript of the evidence made out and certified by the court reporter. See Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812; Jones v. Mullin, 251 Ala. 501, 38 So.2d 281; Terry v. Gresham, 254 Ala. 349, 48 So.2d 437; Jones v. Thomas, 255 Ala. 506, 52 So. 2d 393. The provisions of an act approved June 10, 1953, General Acts 1953, p. 122, have no application to this case inasmuch as this appeal was taken before that act became effective.

The motion to strike is clearly without merit, since it is based solely on a failure to comply with the statutory provisions which have no application to the instant appeal.

### On the Merits

We will sometimes treat the questions presented for our consideration as if only one case was involved, inasmuch as the pleadings in the three cases are identical in all material respects and, as we have heretofore indicated, the cases were tried together. We will so treat the assignments of error made in each case challenging the action of the trial court in overruling appellant's demurrers.

■ Count 1 of the complaint claims damages of the defendant "for a trespass by the defendant, their agents, servants or employees while acting within the line of their duty and scope of their authority as such agents, servants or employees" etc. We are of the opinion that Count 1 is in trespass and not in case. The quoted averment is the legal equivalent of a charge that the act complained of was done by defendant, acting by and through its agents, servants or employees. Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693. And it has been held in several cases that a count which alleges the commission of trespass by defendant acting by

and through an agent, servant or employee is one in trespass. Edwards v. Russell, 222 Ala. 484, 133 So. 3, and cases cited; Trognitz v. Fry, 215 Ala. 609, 112 So. 156. Cf. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, wherein it is held that a count so framed, but charging a negligent act, is in case. In Peoples Furniture Co. v. Wilson, 233 Ala. 578, 173 So. 85, we pretermitted as unnecessary to a decision the question as to whether Count 4 in that case was in trespass or in case.

In Count 2 it is averred: "* * * the defendant while acting through its servants, agents or employees while they were acting within the line of their duty, and scope of their authority as such agents, servants or employees, wantonly, wilfully and with an open disregard for the rights of others, trespassed upon the following tract of land, viz:" etc. Count 2 is in trespass. The wanton and willful wrong thus averred is the wanton or willful act of the defendant itself as distinguished from the wrong of an agent, servant or employee. City Delivery Co. v. Henry, supra; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A.,N.S., 389. See W. E. Belcher Lumber Co. v. York, 245 Ala. 286, 17 So.2d 281, and cases cited.

Grounds of demurrer based upon the insufficiency of averment as to the date of the alleged trespass were overruled without error. Alabama Midland Ry. Co. v. Martin, 100 Ala. 511, 14 So. 401. Likewise there was no error in overruling grounds of the demurrer taking the point that the lands referred to in the complaint were not described with sufficient certainty. The description of the premises was sufficient to apprise the defendant of the nature of the lands involved and was not misleading. Elmore v. Fields, 153 Ala. 345, 45 So. 66; Hodges & Hewlett v. Martin, 211 Ala. 505, 101 So. 55.

Reversible error is not made to appear in the action of the trial court overruling the demurrer, since we find no merit in those grounds of demurrer asserted and argued in brief. Those grounds not treated in brief are presumed waived. Conner v. State ex rel. Perry, 211 Ala. 325, 100 So. 474.

There are a number of assignments of error which take the point that the trial court erred to a reversal in refusing to give the affirmative charges requested in writing by the defendant.

In considering the question as to whether the trial court erred in refusing such charges, we must view all of the evidence in the light most favorable to the plaintiffs, regardless of any view we may have as to the weight of the evidence, and must allow such reasonable inferences as the jury was free to draw, not inferences which we may think the more proper. Martin v. Anniston Foundry Co., 259 Ala. 633, 68 So.2d 323, and cases cited.

The plaintiffs claimed title to the strip of land which admittedly the defendant cut and removed. But we will not undertake to set out their claim of title, for the tendencies of the evidence are to the effect that the plaintiffs were in the actual possession of the strip of land here involved and in actions in trespass to realty, as here involved, the gist of the action is the injury to plaintiff's possession, and possession, whether founded on a good or bad title, will support the action against a stranger or wrongdoer. Story v. McWhorter, 216 Ala. 604, 114 So. 206; Sadler v. Alabama Great Southern R. Co., 204 Ala. 155, 85 So. 380.

The Southern Railway Company defended these suits on the ground that it owned the strip of land involved as a part of its right of way.

It is a perfect defense in an action of trespass quare clausum fregit to show that the defendant owns the land in question and that he had the right to enter. Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874; Sadler v. Alabama Great Southern R. Co., supra; Lacey v. Morris, 215 Ala. 302, 110 So. 379; Story v. WcWhorter, supra; Landrum v. Davidson, 252 Ala. 125, 39 So.2d 662; Womble v. Glenn, 256 Ala. 374, 54 So.2d 715.

The burden of proving title rested upon the defendant. Heath v. Williams, 25 Me. 209, 43 Am.Dec. 265; Cathcart v.

Matthews, 91 S.C. 464, 74 S.E. 985; 63 C.J. 1003, Trespass, § 190, 87 C.J.S., Trespass, § 86; 52 Am.Jur. 889–890, Trespass, § 77.

The defendant, as successor to the Northern Alabama Railway Company, claimed title to the strip of land in question under a conveyance from Thomas A. Christian and wife to the Northern Alabama Railway Company, bearing date of January 19, 1900. The description in that instrument reads as follows:

"Beginning at the M. M. Stephenson line thence S to intersect the right of way of the Southern railway at Parrish eighteen hundred and fifty feet long and one hundred feet wide containing four acres and 25 hundredth of an acre

Blue Print attached

The mineral and all commonly contained in a mineral right having been previously sold."

The description in the conveyance fails to distinguish any particular strip of land 100 feet wide and extending from the M. M. Stephenson line south to the right of way of the Southern Railway at Parrish and it gives no sufficient data wherefrom it could be located by a survey. The description standing alone is clearly too indefinite and incomplete.

The blueprint said to have been attached to the conveyance was admitted in evidence as a part thereof and it has been certified here for our inspection. It contains some markings indicating that as to the right of way there pictured, the parties intended for its width to be measured fifty feet east and west from the easternmost tracks. But the blueprint shows on its face that it does not depict a right of way 1850 feet long. The M. M. Stephenson line does not appear on the blueprint at all and the property now claimed by the plaintiffs is not pictured.

We do not think it can be said as a matter of law that because the blueprint tends to show that the width of that part of the right of way depicted is to be determined in the manner indicated, that the parties intended for the width of that part of the 1850-foot strip not depicted to be similarly ascertained.

The overwhelming weight of the parol testimony is to the effect that the plaintiffs' property is located several hundred feet north of the end of the right of way depicted on the blueprint. And the evidence for the plaintiffs is to the effect that for many years the boundary between their property and the right of way of the defendant was marked by a boundary marker of the kind used by the defendant to define the limit of its right of way. It was to the line so marked that the evidence tends to show the plaintiffs and their predecessors in title held possession for almost thirty years and the evidence further tends to show that this line was approximately that fixed in the deeds of the plaintiffs and those of their predecessors in title back to 1918 as being the boundary between the railroad right of way and the lots of the plaintiffs. As before indicated, it is without dispute in the evidence that the defendant in its widening operation cut or excavated for a distance of approximately fifteen feet east of that line.

We are clear to the conclusion that under the evidence the defendant is in no position to complain of the action of the trial court in leaving for jury decision the question as to whether the land which was cut and removed was within the description of the conveyance on which the defendant based its claim of title. See Chattahoochie & Gulf Ry. Co. v. Pilcher, 163 Ala. 401, 51 So. 11; Henderson v. Noland, 238 Ala. 213, 189 So. 732, 123 A.L.R. 483.

The evidence made a case for jury decision as to whether the act of the defendant in cutting and removing the strip of land was wantonly or wilfully done and as to whether the act was attended with circumstances of aggravation. It was not reversible error to refuse the affirmative instructions requested by the defendant as to Count 2 of the complaint. That exemplary damages need not be specifically claimed in the declaration is well settled. Sparks v. McCrary, 156 Ala. 382, 47 So. 332, 22

L.R.A.,N.S., 1224; Norton v. Bumpus, 221 Ala. 167, 127 So. 907.

■ Many of the assignments of error are treated in brief filed on behalf of appellant in the same manner as assignment of error 14. As to that assignment it is said: "This is concerned with refusal to give written charge that burden of proof rests upon the plaintiffs. This should have been given." This is nothing more than setting out the assignment of error in the brief. It is not sufficient treatment to warrant consideration. Eddleman v. Cade, 261 Ala. 154, 73 So.2d 362, and cases cited. Such assignments of error will not be treated in this opinion.

■ Reversible error is not made to appear in the trial court's refusal to give the defendant's requested written charges numbered 17, 18, 19, 20, 26, 27, 38, 40, 41, 45 and 46. We pretermit consideration of whether those charges assert sound principles of law and as to whether the principles asserted therein were covered by the court's oral charge or by written charges given at the request of the defendant. This court will not reverse a trial court for refusing to give charges which use the word "believe" instead of the correct term "reasonably satisfied," this last term being the appropriate term expressing the degree of conviction essential to establish an issue of fact in a civil case. St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433, and cases cited; W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526, and cases cited. This rule does not have application to the general charge. See our recent case of Walker v. Bowling, 261 Ala. 46, 72 So.2d 841, and cases cited there.

■ We are of the opinion that the trial court did not err in overruling the grounds of the motion for new trial which took the point that the verdicts were contrary to the weight of the evidence or those grounds asserting the excessiveness of the verdicts.

We have given careful consideration to those assignments of error worthy of treatment and which have been sufficiently argued in brief, and no reversible error appearing therein, the judgments appealed from are affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.