125 So.2d 278

**Warren Hardin JONES**

v.

**STATE.**

6 Div. 782.

Court of Appeals of Alabama.

Dec. 13, 1960.

———◆———

Matt Murphy, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Appellant was adjudged guilty of burglary in the second degree and sentenced to eight years imprisonment.

The case is submitted on the merits and upon the State's motion to strike the transcript of evidence.

The motion to strike the transcript of evidence is upon the ground that the transcript was not timely filed in the court below.

Act No. 97, Special Session 1956, p. 143 (Tit. 7, Sec. 827(4), Code of Alabama 1940) provides that the transcript of evidence must be filed with the clerk within sixty days from the date of the taking of the appeal or within sixty days from the court's ruling on the motion for a new trial, whichever date is later.

The instant appeal was taken on June 22, 1960. No motion for a new trial was filed. Therefore, the time within which the transcript of evidence must be filed is to be computed from the date the appeal was taken.

The record in the present case affirmatively shows that the transcript of evidence was filed with the clerk below on 2 September 1960, a date obviously not within sixty days from the taking of the appeal. No extension of time or a request for an extension of time in which to file the transcript of evidence appears in the record.

Under such circumstances the motion to strike the transcript of evidence must be granted. Relf v. State, 267 Ala. 3, 99 So. 2d 216; Underwood v. Estes, 267 Ala. 406, 103 So.2d 18; Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247; Jones v. Thomas, 255 Ala. 506, 52 So.2d 393; McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319.

No error appears in the record proper, therefore, the judgment is due to be and hereby is affirmed.

Transcript of evidence stricken; affirmed.