# Boyd v. City Council of Montgomery.

*Prosecution for Violation of City Ordinance.*

1. *Municipal corporation; right to regulate slaughter house by city ordinances.*—A municipality having authority under its charter to protect the health of the city's inhabitants and to establish, control and regulate slaughter houses, and to regulate the sale of fresh meats in the city and within its police jurisdiction, is authorized to prohibit by ordinances the slaughter of animals to be used as food, within the city or its police jurisdiction, unless slaughtered in a house or pen constructed in accordance with specifications set out in the ordinance; and this is true, even though the operation of the ordinance was not, by its terms, suspended until such building as was specified therein could be constructed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant in this case was prosecuted and convicted for the violation of an ordinance of the city of Montgomery. The material facts of the case, which were agreed upon, were as follows: On the 18th day of December, 1896, the city council of Montgomery adopted an ordinance which was duly approved by the Mayor of the city of Montgomery on the 19th day of December, 1896, and was duly and legally published as required by the charter of said city. Said ordinance was for the purpose of "regulating the slaughter of animals to be

used for food in the city of Montgomery or in its police jurisdiction, and to provide for the inspection of meats, milk and perishable food products offered for sale in the city or its police jurisdiction;'' and provides among other things that it shall be unlawful for any person, firm or corporation to use any slaughter house or pen for the purpose of slaughtering animals to be used for food in the city of Montgomery, or within its police jurisdiction, except those constructed in accordance with the specifications set out in said ordinance, and further provides that any person violating any of the provisions of said ordinance shall, upon conviction, be fined not less than one nor more than one hundred dollars ; that on or about the 5th day of January, 1897, the said defendant slaughtered a cow in the police jurisdiction of the city of Montgomery, but not within said.city, at a place which was not constructed in accordance with the requirements of said ordinance, and contrary to the provisions of the same, and offered to sell the same for food for use in the city of Montgomery and within its police jurisdiction. The said slaughtering was done at a place which was not used as, and was not, a regular butchering or slaughtering house. At the time the defendant slaughtered the cow, for the slaughter of which his arrest was made, there was a slaughter house in the city of Montgomery, erected as required by said ordinance, to which the defendant could have carried said cow and had her slaughtered.

The provisions of the charter of the city of Montgomery, relating to the question at issue, are sufficiently set forth in the opinion.

GORDON McDONALD, for appellant.—The ordinance, for the violation of which the appellant was convicted, was void.—1 Dillon on Municipal Corporations, § 238 ; Horr & Bemis on Municipal Police Ordinances, p. 104, § 103 ; *Kuntby v. Sumption*, 2 L. R. Ann. 657 ; *Stuart v. Palmer*, 74 Ala. 788 ; *Waller v. Leach*, 3 Ark. 110.

GRAHAM & STEINER, *contra*.—All the powers and jurisdiction conferred upon the corporate authorities of the city of Montgomery within its corporate limits, may be exercised and enforced within any territory of the county of Montgomery lying within one and a half

[Boyd v. City Council of Montgomery.]

miles of the corporate limits of said city.—Acts, 1892-93, p. 368, section 3; Acts, 1894-95, p. 628, section 1; Acts, 1896-97, p. 276, section 9; *Van Hook v. Selma*, 70 Ala. 361.

The charter of the city of Montgomery empowers the city council to adopt such ordinances as shall be necessary and expedient for the protection of health; to establish, control and regulate slaughter houses and pens; to regulate the sale of fresh meat in the city and its police jurisdiction, whether butchered in said city or not; and to condemn all such meats which have not been butchered in accordance with the requirements of the ordinance regulating the same.—Acts, 1894-95, p. 628, section 3 & 4; Acts, 1896-97, p. 276, section 11; Ordinance, Record p. 14, section 3, also section 11.

COLEMAN, J.—The defendant was convicted of violating a city ordinance of the city of Montgomery, which made it unlawful to slaughter certain animals intended for market or sale, within the police jurisdiction of the city, except in buildings of a specified character. There is no doubt that the defendant violated the provisions of the ordinance. His contention is, that the ordinance is void, because it is prohibitory, in that it requires an expenditure of a large amount of money to construct a building of the kind required by the ordinance; and that the effect of the ordinance is to create a monopoly of the business of slaughtering animals. It is further contended that there is no provision of the ordinance by which its operation was suspended until the construction of the slaughter house buildings as provided in the ordinance. Counsel admit that as a matter of fact, there were buildings completed and ready for use where the defendant might have slaughtered his beef cattle, but insist that the validity of the ordinance must be tested by its own provisions. In this view, the question is directly presented, whether the ordinance of the city of Montgomery is valid. By the charter of the city, the city council has authority to adopt such ordinances as may be necessary for the protection of the health of its inhabitants, to establish, control and regulate, slaughter houses and pens; and to regulate the sale of fresh meats in the city and its police jurisdiction; and to condemn unsound meats, etc. We are of opinion the authority conferred by the charter is ample.

[Electric Lighting Co. of Mobile v. Rust.]

In the *Slaughter House Cases*, 16 Wall. (U. S.) 36, considerable importance seems to have been attached to the provision of the statute itself by which its operation was suspended until suitable provision, as required by the statute for the slaughter of animals, had been made. We are of opinion that the principal reason why so much consideration was given to this provision of the statute, was because of the extensive area of country, in addition to that embracing the city of New Orleans, covered by the statute. A proper regulation of slaughter houses in a city, and for the inspection of fresh meats intended for sale, is both sanitary and sanatory, if there is any difference in these terms; and we are of opinion that the legislature, in the exercise of police power, might authorize the city of Montgomery, absolutely, to prohibit the slaughtering of animals within the limits of its police jurisdiction.

Neither the charter nor the ordinance undertakes to interfere with the rights of any one to slaughter animals outside of the limits of the police jurisdiction of the city. All meats, wherever slaughtered, before they are offered for sale, are subject to inspection and condemnation; and we can conceive of no plausible argument to show that the exercise of such sanitary precautions is not strictly legal and right. *Salus populi, suprema est lex.* 1 Dillon Mun. Corp., §§ 144, 328, 369, 386, and notes.

We find no error in the record, and the judgment is affirmed.

Affirmed.