# Brooks *v.* Continental Insurance Co.

*Action on a Fire Insurance Policy.*

1. *Pleading and practice; when demurrer to pleading and motion to strike should be interposed.*—When a pleading, though not frivolous, is supposed to be substantially' defective, as where the facts alleged do not constitute a cause of action or defense, the objection to such pleading must be raised by de-

[Brooks v. Continental Insurance Co.]

murrer; while, on the other hand, when sufficient facts are stated in a pleading, but they are not stated in the manner required by the rules of pleading, the objection should be taken by motion to strike.

2. *No objection to joining a replication taking issue upon a plea with special replication.*—Where several replications are jointly filed to several special pleas, it is no objection to the special replications that in one of the replications the plaintiff joins issue upon the said special pleas; since under our system of pleading, a plaintiff may, by special replications, join issue on a plea and at the same time confess its averments and avoid them by a special replication.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The facts of the case are sufficiently stated in the opinion.

FOSTER, SAMFORD & CARROLL, for appellant, cited, May on Insurance, § 80; *Alabama State Mutual Insurance Co. v. Long C. & S. Co.,* 26 So. Rep. 657; *Van Lane v. Joint Stock Insurance Company,* 4 Hun. 413.

CARMICHAEL & BRANNEN, *contra,* cited, *Pied. & Ar. Ins. Co. v. Young,* 58 Ala. 476; *Queen Insurance Co. v. Young,* 86 Ala. 431; *Royal Ins Co. v. Lubelsky,* 86 Ala. 535.

McCLELLAN, C. J.—This is an action by Brooks on a policy of fire insurance issued to him by the Continental Insurance Company. The defendant pleaded that under and by the terms of said policy it was to become and be void in the event change, other than by death of the insured, should take place in the interest, title or possession of the insured in the subject of the insurance, unless such change should be provided for by agreement indorsed on the policy or added thereto; that said conditions had been violated in this, that after the policy went into effect and before the property insured was destroyed by fire, the insured sold and delivered possession of the property to Fox Henderson for the sum of about $2,500, of which purchaser had paid before the

fire, something over $1,500; that said Henderson was in possession of the property at the time it was burned, though no conveyance had been executed to him, and that this change in the insured's interest and possession had not been provided for by agreement entered upon the policy. There were several pleas setting up the foregoing facts in one form or another. To them plaintiff interposed several special replications, each and all of which set up the following facts, which we set down here as they were stated in the brief of appellant's counsel: "That prior to the loss complained of in the complaint, F. M. Pennington was the general agent of the defendant for this vicinity, with authority from defendant to write insurance, collect premiums and to act generally as its agent for such purposes, and for the purpose of making insurance contracts for the defendant, and was the agent of the defendant who executed the contract sued upon in behalf of the defendant; he was supplied with blank policies signed by the president and secretary of the defendant, to be binding on the defendant when countersigned by him, said Pennington; that the policy sued on was one of the policies so issued to said Pennington by the defendant and was drawn up and became binding upon the defendant upon its having been countersigned by said Pennington; and plaintiff alleged that prior to the loss complained of said Pennington was informed of the change in plaintiff's interest and possession in and of the property insured alleged in the pleas, and that he agreed and consented thereto; and plaintiff further alleged that at the time Pennington so agreed and consented to said change, plaintiff had no notice, or knowledge or information but that Pennington had full authority as such agent of the defendant as he had had at the time of the issuance of said policy; and plaintiff further averred that there was at the time of the fire and at the time of replication filed, more than $900 of the purchase money due the plaintiff and unpaid on said property, and that he has never parted with the legal title to said property."

The foregoing facts were alleged in replications 2, 3, 4 and "A." Replication 1 was a mere joinder in issue

on the pleas. Defendant moved the court to strike replications 2, 3, 4 and "A." to pleas 5, 6, 7, 8, 9 and 10 on the following grounds: "1st. Because plaintiff's first replication is a joinder of issue on the said several pleas. 2nd. Because the matters and things set up in said replications constitute no answer to the matters and things alleged in said pleas. 3rd. Because the matters and things set up and alleged in said replications are not responsive to the averments contained in said pleas. 4th. Because the matters and things set up and alleged in said replications are immaterial to the issues tendered in and by said pleas. 5th. Because the matters and things set up in said replications cannot avoid the matters and things alleged in the defendant's said pleas. 6th. Because said replications set up and allege no matters and things in avoidance of the matters and things set up and alleged in the defendant's said pleas. 7th. Because said replications set up and tender an immaterial issue."

This motion was granted and plaintiff's replications were stricken from the file and disallowed. Plaintiff declining to plead further, judgment was rendered for the defendant. On this appeal from that judgment the matter presented for review is the action of the circuit court in striking plaintiff's said replications.

There seems to be a growing disposition in the profession to test the sufficiency of pleadings by motions to strike instead of resorting to demurrers. It is easier to move to strike than to demur, since on the motion no grounds need be assigned, while on demurrer grounds of objection must not only be assigned, but they must be specifically stated. Such motion, therefore, does not enlighten the opposite party as to the defects for which his pleading is attacked so as that he may advisedly defend, if there be defense, or as that he may advisedly cure the defect by amendment. These offices are performed by the special assignments of demurrer which our statute requires. These considerations naturally tend to induce the practitioner to resort to a motion to strike rather than to a demurrer; and this they sometimes do in cases which do not admit of such election,

or rather as to defects which can only be reached by demurrer. The present is that sort of a case. The supposed insufficiency of the replications can be reached only by demurrer. We will not here undertake to lay down any rule of universal application in this connection, but we are assured of conservatism and safety in declaring that where a pleading, though not frivolous, unnecessarily prolix or irrelevant, is supposed to be substantially defective, as where the facts alleged do not constitute a cause of action or defense, the objection must be raised by demurrer; and, on the other hand, that when sufficient facts are stated, but they are not stated in the manner required by the rules of pleading, the objection should be taken by motion to strike.—14 Encyc. of Pl. and Pr., pp. 90-93. This court, it may be, has not uniformly enforced this rule of pleading, but it is believed that no decision has ever been made here impugning its soundness. To relax it to the extent of holding that a plea may be stricken out on mere motion when the facts alleged do not show a defense, would be to emasculate the statute requiring objections to the sufficiency of pleadings to be stated specifically and to utterly thwart the policy of that enactment in respect of giving the trial court and the opposite party specific information as to the point of the objection intended to be taken.

It is not pretended that the replications stricken in this case are frivolous, or irrelevant or unnecessarily prolix. It is entirely clear from their own averments that if they are defective the defect lies in their failure to state facts which would be sufficient to answer by way of confession and avoidance the *prima facie* defense set up by the special pleas; and the statement as to all the grounds of the motion except one, made *ex industria* by defendant's counsel, serves to emphasize and accentuate the conclusion that the objection to the replications is not that sufficient facts have been stated, but in a manner violative of some rule of pleading, but that they are substantially defective for not stating facts, which, if proved, would meet and answer the pleas. The one ground of the motion mentioned above as excepted from

[May v. O'Neal.]

the remark last made, is the first one, viz.: "Because plaintiff's first replication is a joinder in issue on said several pleas." That would be a good ground for striking the special replications if the law were now as it formerly was, that a plaintiff could not at once traverse and confess and avoid a plea, for the motion would proceed on the ground not that the special replications were defective in the substance of their averments, but that, though sufficient facts were stated in them, to present them along with a general replication to the pleas would be violative of the rule of pleading just referred to as having formerly obtained. Now, however, a plaintiff may file any number of replications, and, of course, may join issue on a plea and at the same time confess its averments and avoid them by a special replication.

We feel that to sustain the action of the trial court in determining the insufficiency of the replications on a motion to strike them from the files would be to set a precedent for the substitution of such motions for the special demurrers required by section 3303 of the Code in all cases, to make that section a dead letter and to displace the manifest policy of our own statute as well as of the common law rule obtaining in the premises. Upon these considerations we rest our conclusion that the circuit court erred in sustaining the motion to strike plaintiff's replications. We have not considered the replications on their merits except to the extent of ascertaining that they are not frivolous or irrelevant or prolix, within the terms of section 3286 of the Code.

Reversed and renmanded.