BRANDT, Respondent, v. MINK, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Henri S. Brandt against John H. Mink. R. R. Billington, for appellant. W. B. Wait, Jr., for respondent.

PER CURIAM. Appeal by defendant from a judgment of the municipal court in favor of plaintiff for $200 and costs. The defendant kept a restaurant. Plantiff went to such restaurant and requested to be served with a meal, which request was refused by defendant's agents and servants, on the ground that plaintiff was not properly dressed, in that he wore no collar. The plaintiff was in the uniform of the naval militia of this state, to which organization he belonged. Plaintiff brought this action to recover the penalty provided for by chapter 1042 of the Laws of 1895. The statute reads as follows, viz.: Section 1: "That all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of inns, restaurants, hotels, eating houses, bath houses, barber shops, theaters, music halls, public conveyances on land and water, and all other places of public accommodation or amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens." Section 2: "That any person who shall violate any of the provisions of the foregoing section, by denying to any citizens, except for reasons applicable alike to all citizens of every race, creed or color, and regardless of race, creed and color, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense forfeit and pay a sum not less than $100 nor more than $500 to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed." It appears that defendant had established a rule in his restaurant not to serve any man who did not wear a collar, and his servants refused to serve plaintiff unless the latter would at least put a handkerchief around his neck. This rule was a reasonable one, and applicable alike to all citizens of every race, creed, and color, and therefore comes within the exception mentioned in section 2 of the statute. Much space is devoted to a discussion as to the citizenship or noncitizenship of plaintiff, but this seems to have but little bearing, in view of the fact that the evidence shows that defendant in no way violated the provisions of the statute. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. Judgment reversed, and new trial ordered, with costs to appellant to abide event.