NOBLE v. HIGGINS et al.

(Supreme Court, Trial and Special Term, Otsego County. February, 1916.)

CIVIL RIGHTS ⊙⇒5—STATUTORY PROVISIONS.

> Civil Rights Law (Consol. Laws, c. 6), as amended by Laws 1913, c. 265, does not give a right of action to one refused service in a restaurant on purely personal grounds, and not on account of race, creed, or color.
>
> [Ed. Note.—For other cases, see Civil Rights, Cent. Dig. § 8; Dec. Dig. ⊙⇒5.]

Action by George Noble against William Higgins and another. Verdict for plaintiff, and defendants move to set same aside and dismiss plaintiff's complaint. Judgment ordered as prayed by defendants.

John G. Johnson, of Oneonta (A. L. Kellogg, of Oneonta, of counsel), for the motion.

William L. Hilzinger, of Oneonta (Edson A. Hayward, of Oneonta, of counsel), opposed.

DAVIS, J. On December 10, 1915, the plaintiff entered the restaurant of the defendants in the city of Oneonta, and asked to be served with certain food, offering at the same time to pay therefor. His request was refused, and he was ordered to leave the premises. The plaintiff commenced an action to recover from the defendants a penalty pursuant to the provisions of chapter 6 of the Consolidated Laws, known as the Civil Rights Law, as amended by chapter 265 of the Laws of 1913.

The evidence was brief, simple, and practically undisputed. At the close of the evidence both sides moved for the direction of a verdict, and the jury were formally directed at the time to find a verdict for the plaintiff, which they did, assessing the penalty at $100. All proceedings after the entry of the verdict were stayed until the court could consider the legal questions involved in the controversy.

The refusal to serve the plaintiff was apparently on purely personal grounds. The refreshment asked for by the plaintiff was not refused, withheld from, or denied to him on account of race, creed, or color. Therefore it seems that the interpretation in the Court of Appeals in Grannan v. Westchester Racing Association, 153 N. Y. 449, 47 N. E. 896, as extended and applied under the present statute in Woollcott

v. Shubert, 217 N. Y. 212, 111 N. E. 829, forbids the application of the statute to the state of facts recited here. It may be conclusively determined, after an examination of the last-quoted authorities that:

"The Legislature did not intend to confer upon every person all the rights, advantages, and privileges in places of amusement or accommodation, which might be enjoyed by another. Any discrimination not based upon race, creed, or color does not fall within the condemnation of the statute."

It would seem, then, that the common-law right still remains with those not engaged as common carriers, or in like occupations, to discriminate between persons according to rules established, where the person applying for accommodation is objectionable for some reason. Otherwise, persons unclean, untidy, intoxicated, or affected by disease might claim the same attention in a crowded restaurant or other public place as those against whom no objection could be urged. Brandt v. Mink, 38 Misc. Rep. 750, 78 N. Y. Supp. 1109.

Whether or not plaintiff had a remedy at common law for any indignity or humiliation caused by the act of the defendants need not be considered here, although some of the authorities cited on the plaintiff's brief discussed that question. This action is brought solely on the theory that the plaintiff is entitled to recover a penalty or forfeiture given under the Civil Rights Act where a violation occurs.

It follows that the verdict in favor of the plaintiff, rendered as directed by the court, must be set aside, and the defendants should have judgment dismissing the plaintiff's complaint on the merits. Ordered accordingly.