142 So. 536

**FORMBY v. WHITAKER.**

7 Div. 144.

Supreme Court of Alabama.
June 9, 1932.

H. H. Evans, of Anniston, for appellee.

T. Ben Kerr, of Piedmont, and Merrill, Jones, Whiteside & Allen, of Anniston, for appellant.

155

**BROWN, J.**

This is an action of assumpsit on a promissory note, and the complaint is substantially in the form prescribed by the statute, alleging that the note was "made by the defendant."

The defendant interposed, among other pleas, the following: "2. The defendant further pleads and says that a part of the consideration of the note sued on is for gasoline and oil sold by the plaintiff to certain third parties and charged to defendant, and after defendant had given plaintiff notice not to sell said third parties gasoline and oil on his account or credit."

This plea, on the motion in writing of the plaintiff, with all other pleas except the plea of "not guilty," was stricken from the file, and on the trial the defendant offered to amend his pleas and the court declined to allow the amendment for the reason, to use the language of the bill of exceptions: "The Court: We can't do that now. We have a pleading week and we cannot allow pleadings to be settled when we have a jury here. To this action of the Court the defendant duly and legally excepted."

Said plea 2, though it may be conceded that it is demurrable, it is not frivolous, irrelevant, or prolix, and the court erred in granting plaintiff's motion and striking the plea from the file. Brooks v. Continental Insurance Co., 125 Ala. 615, 29 So. 13. This ruling is subject to review without exceptions being reserved. Code 1923, § 9459.

The court erred also in refusing to allow the defendant to amend the plea. Code 1923, § 9513.

The defendant proposed to offer evidence going to show that, after the defendant gave the plaintiff personal notice not to sell, to truck or bus drivers in defendant's employ, gas and oil on defendant's account, such sales were made and the price thereof entered into the consideration of the note, which was given by the defendant without knowledge that such items were included in the consideration of the note. This evidence was rejected, and properly so, in the absence of special plea setting up partial failure of consideration. However, the execution of the note would not constitute a ratification of the sales made by plaintiff to such drivers after notice not to do so, in the absence of knowledge on the part of defendant that the account closed by note embraced such items. The facts which the defendant proposed to prove would have been admissible under an appropriate plea of partial failure of consideration. Therefore, we cannot affirm that the rulings of the court in respect to defendant's plea were error without injury.

The general issue in actions of assumpsit "is an averment that the allegations of the complaint are untrue." Code 1923, § 9470.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.