200 So. 622

**BYRUM et al. v. PHARO.**

**6 Div. 817.**

Supreme Court of Alabama.

Feb. 20, 1941.

J. T. Johnson, of Oneonta, for appellee.

BROWN, Justice.

The appellee, Pharo, a judgment creditor of B. S. Byrum, sued out a writ of garnishment on his judgment citing Wilma Decker as garnishee. The garnishee answered that she was indebted to the judgment defendant in the sum of two hundred dollars, alleging that she had been notified that J. M. McGill, J. M. Ratliff, Enos C. Lewis and F. M. Burns claimed title to or interest in money in her hands, which she payed into court.

The clerk of the court thereupon issued notice to said claimants to appear within thirty days after service of the notice and propound their claims, as required by § 8079 of the Code 1923.

Said claimants appeared and propounded their claims in writing and under oath as provided by § 8080 of the Code, claiming the money paid into court.

The plaintiff in judgment made separate motion to strike each of said claims on numerous grounds, some of which were "speaking grounds"; stating facts not apparent on the face of the pleading, such as, "Because no claim has been filed in the Probate Office seeking to establish a lien on the said building of the said Garnishee." The court granted said several motions and struck said claims from the files, and directed that the money paid into court be applied to plaintiff's judgment and

R. G. Kelton, of Oneonta, for appellants.

the costs. This was a final judgment from which intervenors had a right of appeal. Thornton v. Highland Avenue & Belt Railroad Co., 94 Ala. 353, 10 So. 442; McKenzie v. Jensen, 195 Ala. 36, 70 So. 678; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

The statute § 8080, supra, provides that if the claimant "appears, he must be required to propound his claim in writing, and make oath thereto upon which the plaintiff *must take issue in law,* or in fact, and the issue in fact must be tried by a jury, if required by either party." (Italics supplied.)

The term "take issue in law" is well understood legal phraseology meaning that if the pleading filed by the claimant is in form of good pleading, yet insufficient in averment to state a valid claim its sufficiency must be tested by demurrer, pointing out the defects, so that if the demurrer is sustained the intervenor may amend or suffer judgment. That has been the practice. Anderson & Co. v. Jones, 102 Ala. 537, 14 So. 871; Clark & Coleman v. Few, 62 Ala. 243; Diamond Rubber Co. v. Fourth National Bank, 171 Ala. 420; 55 So. 100.

It is well settled that "when a pleading, though not frivolous, * * * is supposed to be substantially defective, as when the facts alleged do not constitute a cause of action or defense, the objection [to such pleading] must be raised by demurrer," not by motion to strike. Wefel v. Stillman, 151 Ala. 249, 44 So. 203, 208; Brooks v. Continental Insurance Co. 125 Ala. 615, 29 So. 13; Baker et al. v. State ex rel. Green et al., 222 Ala. 467, 133 So. 291.

Motions in writing and the rulings thereon are a part of the record on appeal and are reviewable without exception being raised thereto. Code 1923, § 9459; Formby v. Whitaker, 225 Ala. 154, 142 So. 536.

No proof was offered to support the speaking grounds of the motions and hence the questions sought to be raised by them are not presented here for decision.

The judgment here is that the circuit court erred in striking said claims, and for this error the judgment is reversed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.