COLEMAN F. MADDEN, Respondent, v. QUEENS COUNTY JOCKEY CLUB, INC., Appellant.

Second Department, November 5, 1945.

*Conrad Saxe Keyes, Cyrus S. Jullien* and *Joseph B. Cavallaro* for appellant.

*Raphael H. Weissman* for respondent.

*Martin A. Schenck, Harold C. McCollom* and *Kenneth W. Greenawalt* for Westchester Racing Association, The Saratoga Association, Metropolitan Jockey Club and Empire City Racing Association, *amici curiæ.*

HAGARTY, Acting P. J.   Plaintiff seeks judgment declaring that he has the right to attend horse races and engage in parimutuel betting conducted by defendant at its racecourse, known as Aqueduct Race Track, and restraining defendant from preventing his exercise of that right.   He alleges in his complaint and shows, without factual dispute, in support of his motion for a temporary injunction, that he has been excluded without cause.   Plaintiff contends, in response to defendant's assertion that it has the right to exclude any person at its pleasure, and the learned Special Term justice has determined, that defendant is exercising a franchise which subjects it to the obligation to accommodate all persons without arbitrary discrimination.

Persons not engaged as common carriers or in other occupations which subserve the convenience or necessity of the public are at liberty to select their patrons (*People ex rel. Burnham* v. *Flynn,* 189 N. Y. 180; *Aaron* v. *Ward,* 203 N. Y. 351; *Woollcott* v. *Shubert,* 217 N. Y. 212; *Noble* v. *Higgins,* 95 Misc. 328, 329), save insofar as inhibited by statute.   (Civil Rights Law, art. 4, §§ 40, 40-b.)   '' The difference between public callings and private business is a distinction in the law governing business relations which has always had and will always have most important consequences.   Those in a public calling have always been under the extraordinary duty to serve all comers, while those in a private business may always refuse to sell if they please.''   (1 Wyman on Public Service Corporations, § 1.)

We are of opinion that the common-law right of the racecourse proprietor to choose his patrons has not been nullified

by implication merely because the State rigidly supervises his activities, requires licenses and taxes receipts from racing and from betting. (L. 1926, ch. 440, as amd. by L. 1940, ch. 254, art. I, as amd.; see *Corrigan* v. *Coney Island Jockey Club*, 2 Misc. 512.) The tax, in the nature of one on luxuries, and the supervision in " the public interests " (L. 1926, ch. 440, § 1), which prevents evils which might otherwise generate from the enterprise, do not convert defendant into a quasi-public corporation. (*People* v. *Holstein-Friesian Association*, 41 Hun 439, 441.)

Although the nature of the business is such as to place it within a field affected by public interest to an extent that it is properly subject to legislative regulation (*People* v. *Budd*, 117 N. Y. 1, 7; *Munn* v. *Illinois*, 94 U. S. 113; see *Western Turf Association* v. *Greenberg*, 204 U. S. 359), the Legislature has not seen fit to provide, as to racecourses, that the public be admitted without discrimination. Its failure so to do (see Civil Rights Law, § 40-b) is in significant contrast to the express inclusion of " race courses " in the named places of public accommodation, resort or amusement from which persons may not be barred on account of race, creed, color or national origin. (Civil Rights Law, § 40; *Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449, 465; *Collister* v. *Hayman*, 183 N. Y. 250, 254, 255.) Plaintiff does not claim that he was barred for any of those reasons.

We are, therefore, constrained to disagree with the dictum in *Grannan* v. *Westchester Racing Assn.* (16 App. Div. 8, 12–17, see S. C. 153 N. Y. 454, 459) to the effect that a racecourse is endowed by the State with a franchise which obliges it to serve all alike as if it were a common carrier or a public utility.

The order granting the motion of plaintiff for a temporary injunction and denying the motion of the defendant for dismissal of the complaint should be reversed on the law, with $10 costs and disbursements to defendant, the motion of plaintiff denied, without costs, and the motion of defendant granted, without costs.

CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Order granting motion of plaintiff for a temporary injunction and denying motion of defendant for dismissal of the complaint reversed on the law, with $10 costs and disbursements to defendant, the motion of plaintiff denied, without costs, and the motion of defendant granted, without costs.