54 So.2d 322

### KALAS v. MacMAHON.
#### 1 Div. 612.

Court of Appeals of Alabama.
Oct. 2, 1951.

Jere Austill and Gordon & Gordon, Mobile, for appellant.

W. O. MacMahon, appellee, pro se.

HARWOOD, Judge.

This is an appeal from a judgment in favor of the plaintiff on a suit seeking recovery of a real estate broker's commission.

The complaint below contained three counts.

Count 1 was for work and labor done by the plaintiff as a real estate broker, at defendant's request, in procuring a purchaser for real estate owned by the defendant in the City of Mobile.

Count 2 claimed damages for breach of a sealed written contract, authorizing plaintiff to sell certain described real estate in Mobile belonging to the defendant, the count averring that the original of said contract was attached to and made a part of the count.

Count 3 is unusual in verbiage and allegations, and as far as we are able to determine, sounds in work and labor.

No demurrers were filed to the complaint however, so we pretermit further consideration.

The defendant filed seven pleas to the complaint.

Plea 1 was the general issue, and plea 2 was a general denial of indebtedness.

The remaining pleas did no more than deny plaintiff's cause of action on various asserted grounds.

The plaintiff filed demurrers to the pleas, which were sustained as to pleas 4, 6, and 7.

This action by the court in sustaining the demurrers to these pleas is asserted as error by the appellant, appellant contending that the demurrers were speaking demurrers. We fully agree with appellant's contention that the demurrers were speaking demurrers. They should therefore have been overruled. However plea 4 averred that there was "no consideration paid to the defendant by the plaintiff for the written agreement dated December 18, 1948, whereby the plaintiff undertook to sell certain real estate property of the defendant and that the plaintiff thereby acquired no option or exclusive agency thereunder binding the defendant to pay his commission on account of the subsequent sale thereof by the defendant."

The common counts were based upon an implied promise to pay for work and labor done by plaintiff for defendant at his request, and therefore showed an executed consideration.

The count based on the written contract showed mutual promises, each furnishing consideration for the other. At best this plea did no more than deny the plaintiff's cause of action, which was elsewhere properly done, and upon the issue thus made the case was tried. No reversal will therefore be posited upon this ruling on the demurrer as to plea 4. Mertins v. Hubbell Publishing Co., 190 Ala. 311, 67 So. 275.

The matters averred in plea 6 could have been shown under plea 3, and the matters averred in plea 7 could have been shown under plea 5. Further, the matters averred under pleas 6 and 7 could also have been shown under the plea of general issue. Any error resulting from the court's action in sustaining the demurrers as to pleas 6 and 7 was therefore without injury.

The evidence presented by the plaintiff tended to show that on December 18, 1948, the defendant and his wife signed an agreement whereby, in consideration of plaintiff's promise to advertise and use his best efforts to secure a purchaser, he was appointed exclusive agent for a period of 30 days, to sell certain described real estate owned by the defendant for $20,000 cash, or upon any other terms acceptable to the defendant, the defendant further agreeing to furnish a complete and merchantable abstract down to date of sale.

Plaintiff's evidence further tends to show that on December 23, 1948 the plaintiff secured an offer of $20,000 for defendant's property, the prospective purchaser paying $100 as earnest money.

Delay in consummation of the sale was occasioned by *defendant's* attorney requesting certain additional data in connection with his examination of the abstract which the defendant was to furnish. During this time the defendant agreed to a change in the terms of the sale, in that he would accept $5,000 cash, the balance to be paid at the rate of $1,000 per month, with interest at 5 per cent.

The sale was actually completed in May 1949, upon the modified terms above mentioned. It further appears that the plaintiff was present at this final closing of the transaction rendering services as the broker in the matter.

The defendant's testimony tended to contradict in many respects the evidence offered by the plaintiff, but this conflict merely raised questions of fact solely within the province of the jury to resolve. It is to be noted however that during his cross examination the defendant admitted that he had received the benefit of plaintiff's work and labor in the transaction, and that he would receive the entire purchase price originally agreed upon, but upon different terms.

There was ample evidence from which the jury would be fully justified in concluding, under the required rule, that the sale to plaintiff's client followed in consequence of plaintiff's efforts, and that the defendant accepted the benefit of plaintiff's efforts notwithstanding the expiration of the time fixed in the brokerage contract. Under such conditions the jury was warranted in finding for the plaintiff. Joseph Espalla, Jr. & Co. v. Warren, 197 Ala. 601, 73 So. 23; Bailey v. Padgett, 195 Ala. 203, 70 So. 637.

Defendant's requested charge 3, being affirmative in nature, was properly refused under the developed evidence.

Likewise defendant's requested charge No. 2, pertaining to plea 5 was refused without error since plea 5 was in effect a plea of the general issue, which issue was adequately covered in the court's oral charge.

Affirmed.