104 So.2d 778

**Mrs. H. M. CABINESS**

v.

**CITY OF TUSCALOOSA.**

**6 Div. 593.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Davis & Donald, Tuscaloosa, for appellant.

Skidmore & Davidson, Tuscaloosa, for appellee.

PRICE, Judge.

Ordinance No. 583, as amended, of the City of Tuscaloosa, under which defendant was convicted, provides, inter alia, "that it shall be unlawful for any person to sell, have, keep or expose or offer for sale, for human consumption, any meat or meat products, unless same shall have been slaughtered in accordance with the regulations of this ordinance, in a licensed slaughter house holding a permit from the City of Tuscaloosa, and shall have been duly inspected, passed and stamped or tagged by the City Meat Inspector; provided, however, that this shall not apply to meat slaughtered elsewhere and shipped into the City of Tuscaloosa, which has been inspected and stamped or tagged by a United States Government Inspector."

The complaint charged that defendant "did, within twelve (12) months before the beginning of the prosecution in this case, within the police jurisdiction of the City of Tuscaloosa, Alabama, unlawfully sell, have, keep, or expose or offer for sale, for human consumption, meat or meat products, to-wit, pork and pork sausage or pork or pork sausage, which said meat or meat products had not been slaughtered in a licensed slaughtering house holding a permit from the City of Tuscaloosa, Alabama, and had not been duly inspected, passed and stamped or tagged by the meat inspector of the City of Tuscaloosa, contrary to the provisions of Ordinance No. 583, as amended," etc.

The court's action in overruling demurrer to the complaint is made the basis of all the assignments of error. Argument in brief is confined to two grounds of demurrer, therefore, the grounds not argued are deemed waived. Jefferson County v. City of Birmingham, 248 Ala. 319, 27 So.2d 584; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

The argued grounds are:

"13. For that said ordinance is inconsistent with the general law of the State of Alabama."

"14. For that said ordinance is contrary to the laws of the State of Alabama."

■ These are general grounds and not sufficiently specific to put the trial court in error for overruling the demurrer. Section 236, Title 7, Code 1940; Home Insurance Company v. City of Birmingham, 236 Ala. 41, 180 So. 783; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371.

■ However, even if it be conceded, which we do not, that the grounds of demurrer were sufficiently specific to invite our review, we are of opinion that there is no merit in the contention that the provisions of the ordinance are inconsistent with the State laws, and therefore void because violative of Section 89, Constitution of 1901.

It is insisted that the said ordinance is inconsistent with or contrary to the following general laws of the State:

Section 6, Title 22, Code 1940, "No local board of health, or other executive body for the exercise of public health functions, other than the county board of health, shall be established or exist in any county or municipality. Nor shall any municipality have a municipal health officer or other like officer. Nor shall any board, body, or organization, or any official or person, acting or claiming to be under any federal authority or acting without claim of federal or state authority, engage in any public health work, except under the supervision and control of the state board of health."

Section 8, Title 22, Code, supra: "It shall be the duty of the county boards of health in their respective counties * * *

(1) To supervise the enforcement of the health laws of the state, including all ordinances or rules and regulations of municipalities * * *."

Section 94, Title 22, Code, supra: "In the event that any of the provisions of the title of this Code relating to municipal corporations shall be in conflict with any of * * * the general health and quarantine laws of the state, the provisions of this chapter and such general health and quarantine laws shall prevail."

By Section 499, Title 37, Code 1940, all cities and towns are expressly granted "the power to establish, control, and regulate slaughter houses and pens, and to confine the same to a specified limit in or outside of the city or town, or prohibit the same within the police jurisdiction of the city or town, and to regulate the sale of fresh meats within the city or town, whether butchered therein or not, and to establish a system of inspecting such slaughter houses and such meats, either before or after the same are butchered and to prohibit the sale of such meats after the same are condemned," etc.

Section 89, Constitution, supra, reads:

"The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."

In Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13, 15, the court said:

"Ward v. Markstein, 196 Ala. 209, 72 So. 41, 44, may be regarded the leading case in Alabama construing section 89 of the Constitution. Said the court: 'Section 89 of the Constitution is but a restraint upon the power of the Legislature "to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state" and does not limit the power of the Legislature "in conferring police powers on municipal corporations." Ex parte Cowert, 92 Ala. 94, 101, 9 So. 225; Holt v. City of Birmingham, 111 Ala. 369, 372, 19 So. 735.'"

In City of Birmingham v. West, 236 Ala. 434, 183 So. 421, 423, the court said:

"Section 89 is said not intended to limit the police power of a city, but means that a city cannot make that lawful which the State law has rendered unlawful. Ex parte Cowert, 92 Ala. 94, 9 So. 225; Ward v. Markstein, 196 Ala. 209, 72 So. 41." See also Mitchell v. City of Birmingham, supra; Ex parte Rowe, 4 Ala.App. 254, 59 So. 69.

In Boyd v. City Council of Montgomery, 117 Ala. 677, 23 So. 663, 664, the court said:

"A proper regulation of slaughter houses in a city, and for the inspection of fresh meats intended for sale, is both 'sanitary' and 'sanatory,' if there is any difference in these terms; and we are of opinion that the legislature, in the exercise of police power, might authorize the city of Montgomery, absolutely, to prohibit the slaughtering of animals within the limits of its police jurisdiction."

The judgment is affirmed.

Affirmed.