133 So.2d 697

**James GOBER**

**v.**

**CITY OF BIRMINGHAM.**

**6 Div. 797.**

Court of Appeals of Alabama.

May 30, 1961.

Rehearing Denied June 20, 1961.

**315**

Arthur D. Shores, Peter A. Hall, Orzell Billingsley, Jr., Oscar W. Adams, Jr., and J. Richmond Pearson, Birmingham, for appellant.

Watts E. Davis and Wm. C. Walker, Birmingham, for appellee.

HARWOOD, Presiding Judge.

This appellant was first convicted in the Recorder's Court of the City of Birmingham for violating Section 1436 of the City Code of Birmingham, Alabama, 1944.

Section 1436, supra, is as follows:

"Sec. 1436. *After Warning.* Any person who enters into the dwelling house, or goes or remains on the premises of another, after being warned not to do so, shall, on conviction, be punished as provided in Section 4, provided, that this Section shall not apply to police officers in the discharge of official duties."

On his conviction in the Recorder's Court, the appellant perfected an appeal to the Circuit Court of Jefferson County, where he was again adjudged guilty, and punishment was imposed.

The complaint filed in the Circuit Court reads:

"Comes the City of Birmingham, Alabama, a municipal corporation, and complains that James Gober, within twelve months before the beginning of this prosecution and within the City of Birmingham or the police jurisdiction thereof, did go or remain on the premises of another, said premises being the area used for eating, drinking, and dining purposes and located within the building commonly and customarily known as Pizitz Department Store, located at 1821 2nd Avenue, North, Birmingham, Alabama, after being warned not to do so, contrary to and in violation of Section 1436 of the General City Code of Birmingham of 1944."

The evidence presented by the city in the trial below tends to show that this appellant, together with one James Davis, went to the cafeteria or lunch room in the Pizitz store and seated themselves at a table. According to the appellant, they could not obtain service from the waitresses.

Shortly, Dick Pizitz, assistant to the President of Pizitz, arrived and asked the appellant and Davis to leave, and told them they could be served downstairs. The appellant and Davis refused to leave. Either the appellant or Davis, upon refusing to leave, suggested that the police be called.

In response to instructions from a superior officer, a police officer of the City of Birmingham went to the restaurant. He found the appellant and Davis still seated at a table, and placed both under arrest.

This being an appeal from a conviction for violating a city ordinance, it is quasi criminal in nature, and subject to rules governing civil appeals. Accordingly we will limit our review to errors assigned and argued in appellant's brief. Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761; certiorari denied 254 Ala. 515, 48 So.2d 768; certiorari denied 340 U.S. 942, 71 S.Ct. 506, 95 L.Ed. 680; Ellis v. City of Sylacauga, 36 Ala.App. 687, 63

**316**

So.2d 33; Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683.

In the proceedings below the appellant filed a motion to strike the complaint, which motion was overruled. This ruling is asserted as error in Assignment of Error No. 1.

■ A motion to strike is not the proper method of testing the sufficiency of a complaint. Taylor v. City of Birmingham, 35 Ala.App. 133, 45 So.2d 53; Byrum v. Pharo, 240 Ala. 564, 200 So. 622. Assignment of Error No. 1 is therefore without merit.

Appellant's Assignment of Error No. 2 avers that the court erred in overruling his demurrer to the complaint.

■ Ground 1 of the demurrer asserts that the complaint does not charge the defendant with any offense under the laws or Constitution of the State of Alabama; Ground 2, that the complaint is insufficient to support a prosecution in that no offense is charged cognizable by the court; Ground 3, that the complaint is so vague and uncertain as to not apprise the defendant of what he is called upon to defend.

Pretermitting other possible defects, it is clear that all of the grounds are general in nature, and in no wise point out any specific defect in the complaint.

■ For this reason alone the lower court was justified in refusing to examine the complaint for defects therein, and could properly overrule the demurrer, Oliveri v. State, 13 Ala.App. 348, 69 So. 359, and a trial court will not be put in error for overruling a demurrer based on general grounds which are not sufficiently specific to point out an alleged defect in the pleading. Cabiness v. City of Tuscaloosa, 39 Ala.App. 538, 104 So.2d 778; Sarber v. Hollon, 265 Ala. 323, 91 So.2d 229.

In brief counsel for appellant argues that the complaint is insufficient in not setting forth by whom the appellant was warned to leave the premises.

■ No ground of the demurrer raised this point in the court below. Even if the complaint be defective in this regard, a premise we do not accept, the defect was amendable. Sec. 238, Tit. 7, Code of Alabama 1940, provides:

"Either before or after judgment on demurrer, the court must permit an amendment of the pleadings; * * *".

This section is broad and comprehends all pleadings except indictments, and authorizes amendment of complaints in prosecutions for violation of city ordinances, as though it were a complaint in a civil action. Thomas v. State, 58 Ala. 365.

■ The alleged defect not having been in any wise raised in the court below, and not pointed out by demurrer, is not available on appeal, and will not be considered. McElhaney v. Singleton, 270 Ala. 162, 117 So.2d 375; Campbell v. Jackson, 257 Ala. 618, 60 So.2d 252.

■ Grounds 4, 5, 6, 7 and 8 assert the invalidity of the ordinance (Sec. 1436, supra) on various constitutional grounds, *as applied to this defendant.* (Italics ours.) No unconstitutional application of the ordinance to this defendant appears from any of the pleading. Such unconstitutional application would be a matter of evidence. These grounds, setting up a speaking demurrer, necessitated an overruling of the demurrer in this aspect. Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419; Kalas v. McMahon, 36 Ala.App. 238, 54 So.2d 322; United States Fidelity & Guaranty Co. v. Town of Dothan, 174 Ala. 480, 56 So. 953.

Appellant's Assignments of Error numbers 3 and 4, respectively, are to the effect that the lower court erred in overruling appellant's motion to exclude the evidence, and in overruling appellant's motion for a new trial. Counsel has made no attempt to separate these assignments for argument in brief and we will treat them jointly, though we wish to observe that the grounds sup-

porting the motion to exclude the evidence are faulty in several aspects, particularly in setting forth erroneous legal principles as their bases. All grounds specified in support of the motion were defective, and the court properly overruled the motion.

Counsel has argued among other matters, various phases of constitutional law, particularly as affected by the Fourteenth Amendment of the Federal Constitution, such as freedom of speech, in regard to which counsel state: "What has become known as a 'sit-in' is a different, but well understood symbol, meaningful method of communication." Counsel has also referred to cases pertaining to restrictive covenants. We consider such principles entirely inapplicable to the present case.

█ Counsel also state in brief that "* * * The prosecution adduced no evidence to prove that they had no such constitutional right * * *" that is, to remain in the restaurant after having been requested to leave. In this, counsel are under a misapprehension as to the burden to be carried by the defense. The city having presented evidence tending to show that the appellant remained upon private premises after having been warned by an officer of the company owner to leave, it was under no burden to go further and offer evidence that the appellant's act was done without lawful excuse. This was defensive matter, the proof of which rested upon the appellant unless the evidence which proved the act also proved the excuse. Owens v. State, 74 Ala. 401.

As we interpret the argument of counsel for appellant, its tenor may well be illustrated by the following quotations from the brief:

"Due process and equal protection demand that a Negro be accorded the right to sit at eating counters of privately owned businesses, if he has been a customer in other departments of the store.

*    *    *    *    *    *

"That the premises were privately owned should not detract from the high constitutional position which such free expression deserves."

We know of no warrant in law validating the principles asserted by counsel.

As aptly stated in Browder v. Gayle, D.C., 142 F.Supp. 707, 714:

"In their private affairs, in the conduct of their private businesses, it is clear that the people themselves have the liberty to select their own associates and the persons with whom they will do business, unimpaired by the Fourteenth Amendment. The Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835. Indeed we think that such liberty is guaranteed by the due process of that Amendment."

Even so, there is no question presented in the record before us, by the pleading, of any statute or ordinance requiring the separation of the races in restaurants. The prosecution was for a criminal trespass on private property.

The Pizitz Department Store is a private business—a private enterprise. It has no connection with any governmental agency, federal, State, County or city.

█ The appellant entered upon the privately owned and operated premises of the store as a licensee by implied invitation. He had no interest in the premises. While a distinction exists between a licensee and an invitee in so far as liability for negligence on the part of the owner of the premises is concerned, the principle governing appellant's conduct in the present consideration must be governed by the rules pertaining to licensees, for in general, that is the position he occupied even though on the premises by an implied invitation.

█ The Pizitz store, being the owner of its premises, had a full right to limit the use of its own premises as it saw fit.

By its own choice it could limit the use of·any part of its premises. It exercised this right to limit the use of its restaurant.

In the absence of statute, a restaurant owner may accept or reject customers on purely personal choice. Nance v. Mayflower Tavern, 106 Utah 517, 150 P.2d 773; Noble v. Higgins, 95 Misc. 328, 158 N.Y.S. 867.

The right to operate a restaurant on its own premises under such conditions as it saw fit to impose was an inalienable property right possessed by the Pizitz store. The appellant would destroy this property right by attempting to misapply the Fourteenth Amendment, ignoring the provision in that Amendment that grants the right to a private property owner to the full use of his property, that is: "Nor shall any State deprive any person of life, *liberty, or property,* without due process of law." (Italics ours.)

As stated in Williams v. Howard Johnson Restaurant, 4 Cir., 268 F.2d 845, 847, there is an "important distinction between activities that are required by the state and those which are carried out by voluntary choice and without compulsion by the people of the state in accordance with their own desires and social practices."

It is fundamental, and requires no citation of authority, that the grantor of a license, which has not become coupled with an interest, may revoke the license at will.

When the appellant was requested to leave the restaurant by an official of the Pizitz store, and refused to leave, his status as an invited licensee was destroyed, and he was thereafter on the premises as a trespasser. As stated in Martin v. City of Struthers, 319 U.S. 141, 147, 63 S.Ct. 862, 865, 87 L.Ed. 1313:

"Traditionally the American law punishes persons who enter onto the property of another after having been warned by the owner to keep off."

Boynton v. Com. of Virginia, 364 U.S. 454, 81 S.Ct. 182, 5 L.Ed.2d 206, relied on by the appellant, was decided on the basis of the Federal Interstate Commerce Act, and is to the effect that said act prohibits the exclusion of Negroes from restaurants operated or controlled by an interstate carrier as a part of its business. This doctrine cannot be said to create a constitutional right to trespass on private property, regardless of race.

Likewise, we find the doctrine of Marsh v. State of Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265, inapplicable to the present case. The Marsh case, supra, concerned the right to distribute religious pamphlets on the sidewalk of a company owned town. As stated by the court, this town though owned by a company, had "all the characteristics of any other American town" in so far as municipal functions were concerned, and therefore should be subjected to constitutional limitations imposed on regular public municipalities. Here we are concerned with a private owner in the use of his private property.

We find no merit in appellant's Assignments numbers 3 and 4.

Assignment of Error number 5 relates to a ruling concerning the admission of certain evidence. Counsel has not argued this assignment in brief, and pretermit consideration thereof.

· Affirmed.