Jack Stanislaw, J.
The motion is to dismiss and sever the complaint against defendant Frank Gr. Shattuck Company on the ground it fails to state a cause of action and for summary judgment in favor of said defendant.
The complaint is for damages sustained by plaintiff for mental anguish and humiliation and exposure to public ridicule as a result of defendant’s refusal to serve plaintiff luncheon in its restaurant.
Plaintiff makes no claim that he was refused service because of race, creed or color and does not, therefore, rely on sections 40 and 41 of the Civil Rights Law; he relies, instead, on the common-law liability of an innkeeper for injury to his feelings as a result of humiliation for the wrongful refusal of service (Morningstar v. Lafayette Hotel Co., 211 N. Y. 465).
Although movant’s liability to the public may not be identical to that of an innkeeper, it does have an obligation to conduct its business in a fair and reasonable manner. In Noble v. Higgins (95 Misc. 328, 329) where it was held that plaintiff had no cause of action against the defendant restaurant for its refusal to serve him, under the Civil Rights Law, because the refusal was for personal reasons and not because of race, color or creed, the court stated: ‘ ‘ The common-law right still remains with those not engaged as common carriers, or in like occupations, to discriminate between persons according to rules established where the person applying for accommodation is objectionable for some reason. Otherwise, persons unclean, untidy, intoxicated or affected by disease might claim the same attention in a crowded restaurant or other public place as those against whom no objection could be urged. Brandt v. Mink, 38 Misc. Rep. 750. ” (Emphasis supplied.)
In the Brandt case (supra) defendant allegedly refused to serve plaintiff in its restaurant because he was not properly *171 dressed in that he wore no collar. The cause of action alleged that defendant violated an early civil rights statute which, inter alia, precluded discrimination in places of public accommodation because of race, color or creed. Plaintiff recovered judgment against defendant in the Municipal Court. But on appeal to the Appellate Term of the Supreme Court, the judgment was reversed on the ground that the rule of the restaurant, not to serve any man who did not wear a collar, was applicable alike to all citizens of every race, creed and color and therefore was not in violation of the statute relied on. The complaint, however, was not dismissed. A new trial was ordered, presumably, to determine: (1) whether defendant’s refusal to serve plaintiff was because of some established rule of the defendant restaurant; (2) whether the rule was reasonable; and (3) whether plaintiff did, in fact, fail to comply therewith; and if those issues are decided in the negative, to determine; (4) the extent of plaintiff’s damages, if any.
Accordingly, it appears from the papers before us, that plaintiff has stated a cause of action and is entitled to a trial on the same four issues. Since they involve triable questions of fact, summary judgment does not lie. The motion, therefore, is in all respects denied.